### Sims *vs.* James.

1. Where personal property is sold on credit, with the proviso that the title is to remain in the vendor until the purchase money is paid, an unconditional sale of the property by the purchaser is a conversion, and the vendor may at once bring trover against the second purchaser.

2. The admission in evidence of an agreement between the original vendor and one who signed the purchase money notes as security, to the effect that if the latter had to pay the notes he should have the property, was an immaterial error, and will not necessitate a new trial.

3. The remarks of the court in the presence of the jury did not constitute error under the circumstances.

4. The court is not obliged to give a verbal request in charge.

5. The verdict was contrary neither to law nor evidence.

Trover. Title. Evidence. Practice in the Superior Court. New trial. Before Judge HALL. Clayton Superior Court. September Term, 1878.

James brought trover against Sims for a mule. It appeared from the evidence that plaintiff had sold the mule to Dye and others, and taken their notes for the purchase money, in which it was stipulated that the title to the mule should remain in the plaintiff until it was paid for. Afterwards Walker signed the notes as security, upon the agreement that if he had the money to pay, the mule was to be turned over to him. Before the money was paid, the purchasers sold the mule unconditionally to Sims. Whether or

not he had notice of the nature of their title, the evidence was conflicting. Plaintiff thereupon brought this suit to recover the mule. At the close of plaintiff's evidence, defendant moved for a non-suit; it was refused: The jury found for plaintiff. Defendant moved for a new trial on the following, among other grounds:

1. Because the court overruled defendant's motion for a non-suit.

2. Because the court allowed plaintiff to testify as to the agreement at the time Walker signed as security, over objections of defendant's counsel.

3. Because the court refused to charge, at defendant's request, that if the notes were good and collectible out of Walker, they might find for the defendant. [The request does not appear to have been in writing.]

4. Because the court remarked, in the hearing of the jury, that if they found for plaintiff. the notes held by him would be dead. [The judge, in his certificate to the motion, says that in the argument for a non-suit, it was urged that if plaintiff could sue for the mule, he could also sue on the notes, and thus have a double remedy. In deciding this motion, the court said that defendants in a suit on the notes would be entitled to credit for the amount of the recovery in this case.]

5. Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.

Spence & Anderson; R. T. Dorsey, for plaintiff in error, cited as follows: On right of action, 55 *Ga.*, 330; 58 *Ib.*, 397. On evidence, Code, §3800, On refusal to charge, 30 *Ga.*, 55.

W. L. Waterson; J. D. Stewart, for defendant, cited on right of action, 23 *Ga.*, 205; 58 *Ib.*, 379, 63; 1 *Ib.*, 381; 11 *Ib.*, 106; 16 *Ib.*, 20; 20 *Ib.*, 426; Code, §§3027–3031.

WARNER, Chief Justice.

The plaintiff brought an action of trover against the defendant to recover the possession of a black mule therein described. On the trial of the case the jury, under the evidence and charge of the court, found a verdict in favor of the plaintiff. The defendant made a motion for a new trial on various grounds, which was overruled, and the defendant excepted. It appears from the evidence in the record that the plaintiff made a conditional sale of the mule to J. L. Dye, Ellen Fields and A. J. Fields, and took their two notes therefor, one for $100.00, and the other for $70.00, dated 29th February, 1876, and due the 1st of November thereafter, with Charles Walker as security thereon, in which notes it was recited that the same were given for the mule sold, and that she was to belong to the plaintiff until paid for. Dye sold the mule to the defendant, but at what time the record does not disclose. The plaintiff sued the defendant for the mule on the 22d August, 1876. The plaintiff testified that he told the defendant that the mule belonged to him until paid for, before he purchased her from Dye. Walker did not sign the note as security until some time after the others had signed it. Whether the plaintiff told the defendant before he purchased the mule from Dye that he would not claim her, but would look to Walker for his pay, the evidence is conflicting.

1. The main controlling question in the case is whether the plaintiff had the legal right to maintain his action of trover for the mule at the time the suit was commenced and before the notes became due. If Dye had retained the mule in pursuance of the conditional contract, the plaintiff's suit for the recovery thereof as against him would have been prematurely brought, but Dye sold the mule before the maturity of the notes, disposed of her contrary to the legal effect of the conditional contract of sale and the understanding of the parties thereto, and when he did that, the plaintiff had the right to treat the contract as rescinded, and to bring

his action of trover against the defendant who had converted his property to his own use, and there was no error in overruling the defendant's motion for a non-suit.

2. In the view which we have taken of the plaintiff's right to recover against the defendant upon his title to the mule, the evidence of James as to what was his understanding with Walker when he signed the note, becomes immaterial.

3. In regard to the remarks of the judge in the hearing of the jury, his certificate furnishes a sufficient explanation.

4. The request to charge the jury was not made in writing, and there was no error in refusing it.

5. In view of the facts of this case as disclosed in the record, there was no error in overruling defendant's motion for a new trial.

Let the judgment of the court below be affirmed.