GRESHAM, for use, *vs.* BAUGH, executor.

1. Where no request in writing to charge is made, and the law of the case is given fairly to the jury, and their verdict is supported by the evidence, this court will not control the discretion of the court below in overruling a motion for a new trial.

2. Where a testator, after specific legacies, leaves his entire estate to the widow with remainder over to four legatees, and said estate consists of realty and personalty, and most of the latter perishes by the emancipation of slaves and in the use of it, and the widow and a son are left to execute the will, and the latter pays debts of the estate out of his own funds, and on the death of the widow suit is brought by one of the remaindermen for his interest, and

the surviving executor, having legally sold the estate, shows to the satisfaction of the jury that said debts absorb the proceeds of the sale and were paid by him, not to speculate on the estate, but *bona fide :*

*Held,* that a verdict for the defendant will be upheld as not illegal.

3. Alleged charges of the court and refusals to charge, not verified by the court, will not be considered except as far as they correspond with the whole charge as set out in the record and certified on the motion for a new trial,

New Trial. Administrators and executors. Practice in the Supreme Court. Before Judge POTTLE. Hancock Superior Court. April Term, 1880.

Gresham, for the use of his minor children, brought his action against Baugh, executor of Peter Baugh, deceased, to recover a remainder interest which his wife was entitled to under the will. She being dead, he sued for the use of his children. On the trial, the evidence showed, in brief, the following facts:

The testator died in 1856. By his will he left, besides specific legacies, a life-interest in the estate to his wife, with remainder to his four children, of whom the now deceased wife of the plaintiff was one. In 1858 the executor paid certain notes of his testator out of his own funds, and one question raised was whether he was entitled to credit for the amounts so paid. In 1875 the life tenant died. Much of the estate consisted in slaves who were emancipated. It appeared that plaintiff had received from the estate $237.60.

The jury found for defendant. Plaintiff moved for a new trial, which was refused, and he excepted.

J. T. JORDAN, for plaintiff in error.

C. W. DUBOSE, for defendant.

JACKSON, Chief Justice.

This is an action at law of rather novel character. It is brought to recover a remainder interest in the estate left

by the will of a father-in-law by the son-in-law, for the use of his children, his wife being dead, but at what time she died is not specified. It would seem that administration on her estate would be necessary to a recovery at law; and, if not, that the husband himself would be heir of his wife. Yet this suit is for the use of the children, and without explanation or reason assigned therefor. It is not a separate estate of the wife under the will which is exhibited to the complaint, but if it were, the husband would be heir in part to his wife's separate estate.

But, passing all this by, which was unnoticed in the court below, no request *in writing* was made, and verbal requests are certified only as explained and met in the entire charge. That charge gives fairly and substantially the law to the jury, the evidence is sufficient to support their verdict, and in such cases this court has often ruled that it will not interfere.

As well as we are able to gather from the bill of exceptions and transcript of the record, and explanatory certificate of the judge, it seems that the complaint of plaintiff in error is grounded on the failure of the executor to sell the life-estate of his mother when his father died, some time about 1856, in order to pay debts, and instead of doing so, in paying the debts himself; and it is insisted that these debts thus paid should not be allowed as a credit to the executor. The presiding judge put the issue on the good faith of the executor, saying to the jury, if these debts were paid by him to speculate on the estate, then they should not be allowed him on final settlement; but if paid *bona fide*, then they should be. Of course, if done *bona fide*, interest should also be allowed. We fail to see error in the charge. The truth is, that the emancipation of slaves and the loss of that property gave rise to this suit; this plaintiff has received some two or three hundred dollars for his wife's interest in remainder; the jury found that sum to be his share; the judge thought it enough, and we do not feel called upon, sitting to cor-

rect errors of law, to cipher upon the sum again—unless some glaring error was made apparently probable at least. As to any other alleged error in the charge, we cannot consider it, because the court below expressly refuses to verify any except as it may conform to the charge in full which he sends up. If counsel wish to have alleged errors corrected and to avoid differences of recollection between the judge and themselves, the remedy is prescribed in the statute and is complete. Let the request to charge be put *in black and white*, and let the whole charge be also made, by request, *in writing*.

Judgment affirmed.