### EZZARD *vs.* FRICK & CO.

TROVER, FROM FULTON.    Conversion.    Title.    Fraud.    Estoppel.    (Before Judge Hammond.)

Jackson, C. J.—1.    Where personal property was sold under a contract by which the vendor should retain the title until the purchase money was paid, and without payment thereof, the purchaser resold to another, who appropriated it to his use, and refused to deliver it to the original vendor on demand, this was sufficient evidence of conversion. 62 Ga., 260.

2.    The plaintiff in trover having elected to take damages in place of the property, could recover the value of the property in suit with hire.    Code, §3057; 67 Ga., 506

3.    Where a steam engine was sold by the agent of the owners, title being reserved in them until the purchase money notes should be paid, and without paying them, the purchaser sold to a third person, against whom the vendors brought an action of trover, it was error to strike a plea to the effect that the defendant bought and paid for the engine without any notice of title in the plaintiffs. but that he had since learned that his vendor bought from the agent of the plaintiffs with the understanding that the title was to remain in them until fully paid for; that the purchaser had failed to pay; that the agent of the plaintiffs, without making any effort to collect the purchase money from him or out of the property, agreed with him that he might sell the engine, and thereby raise the money to pay for it, provided he would pay to said agent five thousand dollars out of money which he expected to receive from a certain trade about to be made; that, failing to make the trade, he could not carry out the contract with the

agent, but in the meantime he had sold to defendant, who had bought without notice of any incumbrance on the property, or of any defect in the title, or of the agreement between his vendor and the agent of the plaintiffs; and that this conduct operated as a fraud upon defendant, and estopped plaintiffs from recovering the property. 23 Ga., 205, 209.

(a) There also was error in rejecting evidence offered under such plea and pertinent threats.

Judgment reversed.

Henry B. Tompkins, for plaintiff in error.

Mynatt & Howell, for defendant.