### 863.  MONROE COUNTY *v.* DRISKELL.

1. It is not error to refuse an oral request to give a certain charge to the
   jury. For the denial of a request to charge to afford ground for a
   new trial, the request must be presented in writing.
2. The finding of the jury was authorized by the evidence, and the trial
   judge did not err in refusing to set it aside upon the ground that the
   verdict was contrary to law.

Trover, from city court of Forsyth—Judge Clark.   October 31,
1907.

Argued February 3,—Decided February 11, 1908.

*Cabaniss & Willingham,* for plaintiff.

*Persons & Persons,* for defendant.

RUSSELL, J.  Monroe County brought an action of trover against
D. S. Driskell, for "7,000 feet of bridge lumber, consisting of 500
pieces of oak lumber, 2x6 inches by 14 feet long," alleged to be of
the value of $105.  The county alleged that the defendant con-
verted this lumber to his own use.  Upon the trial the petition was
amended by changing the description of the lumber sought to be
recovered.  The lumber as described in the amendment was, "oak
lumber for bridge purposes, of the dimensions 2x6 inches by 10,
12, 14, and 16 feet in length, and post lumber for bracing bridges,
10x10 in., containing, in the aggregate, 7800 feet, worth $175."
The jury found in favor of the defendant, and the plaintiff's mo-
tion for new trial was overruled.  The grounds of the motion for
new trial, so far as they are material to our consideration of the
case, are twofold:   (1) that the court erred in refusing to give in
charge certain instructions, which were orally requested by plain-
tiff in error; and (2) that the verdict is, for lack of evidence to
support it, contrary to law.

1.  It is well settled that the refusal of oral requests to charge
affords no ground for new trial.  It was, therefore, not error for
the lower court to refuse a new trial upon the grounds presented
by the amendment to the motion for new trial.  Both of these
grounds complain of the refusal of the court to charge certain

principles which were requested ore tenus. It has been uniformly held that in order for the refusal of a request to charge to afford ground for a new trial, the request must be presented in writing; and such is the requirement of the Civil Code, §5479. We do not mean to hold that it is necessary to place in the very hands of the judge the request as embodied in writing, if, after reading it to him, he states that he will not give the charge contained in the request as read. In such a case the request reduced to writing and considered by the court, after hearing it read, although he may not have seen its contents, would be sufficient presentation; and his refusal to further consider the request would dispense with the necessity of his reading it for himself. But in such a case, as in all others, the writing thus acted upon by the court should be properly verified by the judge; and in any event it must appear from the record before us as approved by the judge, either in the motion for new trial or in the bill of exceptions, that the request to charge was in writing. It does not so appear in the present record, but it is stated, in both of the grounds of the amendment to the motion for new trial, that the requests in the present instance were oral. That the judge properly refused to consider the grounds of the motion assigning error on the refusal to charge oral requests, see especially *Farrar* v. *Brackett,* 86 *Ga.* 463 (12 S. E. 686) ; *Shedden* v. *Stiles,* 121 *Ga.* 637 (49 S. E. 719) ; *Sims* v. *James,* 62 *Ga.* 260; *Callaway* v. *State,* 121 *Ga.* 188 (48 S. E. 907) ; *Campbell* v. *State,* 124 *Ga.* 432 (4), (52 S. E. 914) ; *Gresham* v. *Baugh,* 66 *Ga.* 189, as well as the numerous decisions to the same point collated in 7 Enc. Dig. Ga. Rep. 625.

2. The remaining error assigned on the judgment refusing a new trial is that the verdict was contrary to evidence. As we have frequently held, the Court of Appeals, by the terms of the amendment to the organic law of the State which created it, can only consider errors in law and equity. We examine the evidence only for the purpose of ascertaining whether the verdict is, for lack of any evidence to support it, contrary to law. We have carefully considered the evidence in this case. The case turned upon the identification of the lumber in question. It devolved upon Monroe County, as the plaintiff, to identify the lumber which it claimed. We think the jury were fully authorized, however, from the evidence submitted to them, to find that the lumber sold to Mr. Dris-

kell was not necessarily the lumber which had been bought by the county from Thomas & Perkins. It may be conjectured to have been the same, but the plaintiff's evidence did not establish the fact. We will not say that the jury could not have inferred from the testimony in the case that it was the lumber which had been purchased by the county, but the description of the lumber purchased by Driskell did not correspond, except in part, with that described either in the petition or in the amendment thereto. The only description for the purpose of identification, given by Mr. Jossey, the first of the county commissioners who testified, was, that the county bought 10,000 feet of bridge lumber of the kind described in the original suit (which was 2x6 inches, 14 feet long) "except that there was some post lumber in it for bracing bridges." Mr. Thrash, the other commissioner who testified, testified as to the value of the lumber, and that it was to be delivered at Dames Ferry, but gave no description at all by which the lumber sought to be recovered could be identified, and did not testify that he ever saw it. The defendant testified, that while there were 147 pieces 2x6, 14 feet long, in the lumber he got, the other was 10x12, 16 foot pieces. The testimony of the defendant was the only testimony which identified the character and size of the lumber said to have been converted; and it was not the same as that sued for, even after the allowance of the amendment. The fact that a car of lumber, composed largely of 10x12 sills, also contained 147 pieces of lumber 2x6 (which was the size the plaintiff was attempting to recover) could well be considered by the jury as affording no proof whatever that there were not two lots of lumber, and that the lumber purchased by Driskell was not the same lumber as had been purchased by the county.

Stress was laid, in the argument, on the statement made by Mr. Driskell to Mr. Jossey and Mr. Willingham as follows: "Of course I got the lumber, but I bought it at bailiff's sale, and thought I had a right to it," and on the fact that this statement was not denied by Driskell. It is not our province to pass upon the weight of the testimony, but merely to determine whether there is enough evidence to authorize the verdict as a matter of law. We do not think, however, that the jury was any more required to consider Mr. Driskell's statement, that he "got the lumber," as an admission that the lumber he bought was the lumber which had

been bought by the county, than to hold it to be a mere statement or admission that he got the lumber about which he was testifying and which he had purchased at a bailiff's sale, even though it might not be the same as that bought by the county. , The statement was subject to either of these constructions, and the jury exercised their right to consider Mr. Driskell's statement as a mere admission that he got some lumber.          *Judgment affirmed.*