### The Central Railroad and Banking Company *vs.* Gamble.

1. An agreement to allow a copy of a lease of one railroad by another to be used, and dispensing with the production of the original on the trial, had no other effect than to so dispense with the production of the original, and was not in itself intended to go to the jury to prove the existence of the relation of lessor and lessee between the two roads.

(*a.*) Where one count of a declaration alleged that the railroad where the injury occurred was operated under a lease by the railroad against which suit was brought, and the other count alleged that the defendant was using, controlling and running the other road, without specifying the form of contract or the agreement under which it was so running and controlling it, evidence of the fact that the defendant was using and controlling the other road sustained the latter count, and was sufficient, without further proof as to that point, to maintain the action.

2. Where a declaration alleged that the injury complained of was done in the county of Talbot, and the proof showed that it occurred between two points, both located on the line of the railroad in that county, this was sufficient proof of the venue.

(*a.*) The courts will take judicial cognizance of the fact that places named, where there are post-offices, are located in a certain county.

(*b.*) Unless the jurisdiction has been properly denied by plea, the venue laid in the declaration need not have been proved.

3. Where interrogatories of a witness had been taken and used on a former trial of the case, and when offered on a subsequent trial, were objected to on the ground that the party offering them was present when they were executed and made suggestions to the witness as to what his replies should be, but it appeared that the

objecting party was apprised of the objection before the trial commenced and gave no written notice thereof to the opposite party, the objection was properly overruled, and a motion to suppress the testimony came too late.

4. Where error was alleged on the ground that the court ruled that a *tales* juror was incompetent to serve on the trial of the case, but there is no evidence in the record bearing upon his qualification, and his name does not appear either on the regular panel or on the list of the *tales* jurors, and the objection does not state wherein the error in rejecting him consisted, or the objection to him, or why he was held disqualified, it is too vague and uncertain to authorize this court to consider it.

5. While the verdict was not demanded, it was sustained, by the evidence, and there was no abuse of discretion in refusing to set it aside.

February 26, 1887.

Contracts. Evidence. Railroads. Damages. Negligence. Venue. Jurisdiction. Interrogatories. Practice in Superior Court. Jury and Jurors. Before Judge WILLIS. Talbot Superior Court. March Term, 1886.

W. A. Gamble brought suit against the Central Railroad and Banking Company of Georgia to recover for a personal injury alleged to have been sustained by him in Talbot county, by reason of the negligent running of a train on the Southwestern Railroad. In one count, the Central Railroad was alleged to be a lessee of the Southwestern Railroad; in another, it was alleged that the former was in possession of the latter, and controlled and operated it.

On the trial, the evidence for the plaintiff showed that he was a passenger on the train running on the Southwestern Railroad; that between Bostick and Geneva, while the train was running at a speed of thirty or forty miles an hour, and passing round a curve, it ran off the track, turned on its side, and caused a serious and permanent injury to the plaintiff; and that it was behind schedule time when it left the last station. It tended to show also, that the Southwestern Railroad was controlled and used by the

Central Railroad; that the employés of the train also were under the control of the Central Railroad, and that this road was defending the suit, paying expenses of witnesses, etc.   In the record appears an agreement between counsel to the effect that the copy of the lease of the Southwestern to the Central Railroad, as recorded in Talbot county, might be used in evidence by either party.

The evidence for the defendant was to the effect that the train was not running at an unusual or unsafe speed when the accident occurred; and there was much evidence to show that the plaintiff did not sustain the injuries testified to by him, and if injured at all, it was only slightly so.

The jury found for the plaintiff $4,000.   The defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law, evidence and the charge of the court.

(2.) Because the court admitted depositions of Dr. C. M. Pope, which were offered to impeach a witness.   This evidence had been read in a previous trial of the case, the defendant not knowing then of the ground of objection, which was that the depositions were taken while the plaintiff was present.

(3.) Because the court ruled that R. H. Turner was incompetent as a juror.   [Nothing appears in the record as to the ruling or the evidence on which it was based.]

(4.) Because the evidence failed to show that the injury or damage to the plaintiff occurred in Talbot county.

(5.) Because there was no evidence proving or tending to prove that the defendant was the lessee of the Southwestern Railroad.

The motion was overruled, and the defendant excepted.

W. S. WALLACE; W. A. LITTLE; JOHN PEABODY, for plaintiff in error.

SMITH & RUSSELL; PERSONS & WORRILL, for defendant.

HALL, Justice.

1. The position taken by the plaintiff's counsel, by which he insists that his agreement with the opposite party to allow him to use the record copy of the lease of the Southwestern to the Central Railroad, and dispensing with the production of the original on the trial, was an admission of the fact that the Central was operating and managing the other road under a contract of lease, is not tenable. It was not intended by the parties that this agreement itself should go in evidence to the jury, and for that reason we conclude it was not relied on to prove that the relation of lessor and lessee existed between the two railroads when the casualty for which the suit was brought occurred. As before remarked, it had no other effect than to dispense with the production of the original lease on the trial. *Patterson vs. Collier*, 75 *Ga.* 419. But for the purpose of maintaining his action, it was wholly unnecessary that the plaintiff should assume this position. The declaration contained two counts, one setting forth that the Central was running the Southwestern road under a lease, and the other that it was using, controlling and running it, without specifying the form of contract or the agreement under which it was so running and controlling it. There was evidence of the fact that it was using and controlling the Southwestern Railroad, and this sustained the latter count, and was sufficient, without further proof, to maintain the action.

2. The declaration alleges that the injury complained of was done in the county of Talbot; and while the proof upon this question is not direct, yet it establishes that it occurred between two points—Bostick and Geneva—both located on the line of the railroad, in that county. At each of these points there are post-offices, and we have held that the court will take judicial notice of the fact that they are located in the county. *Central Railroad vs. DeBray*, 71 *Ga.* 406. But there is no contention as to the

fact that the venue is properly laid in the county where the injury was done. Independent of this, however, if the suit had been improperly located, it would have been the duty of the defendant to have pleaded to the jurisdiction, and having suffered the trial to proceed without that plea, the jurisdiction was waived. Unless the jurisdiction had been properly denied by plea, the venue, as laid in the declaration, need not have been proved.

3. On the trial of this case, the defendant read in evidence certain interrogatories of C. M. Pope, sued out at its instance; this witness had been previously examined by the plaintiff, and his answers to the plaintiff's interrogatories, read on the former trial, were now offered to contradict and impeach the testimony taken under the commission sued out by the defendant. To this the defendant objected, and showed, for cause of objection, that the plaintiff was present when the answers of the witness to his own interrogatories were taken, and made suggestions as to what he should state in reply to the questions as propounded by the commissioners. The objections were overruled, because no written notice of the same was given to the opposite party or brought to the attention of the court prior to the commencement of the trial, and they were offered for the first time pending the hearing. It further appeared that the defendant had been apprised of this objection to the interrogatories before the trial commenced. At this point a motion was made, on the ground stated, to suppress the testimony. The court held that it came too late; and we are of opinion that there was no error in so holding. Code, §3892, and citations.

4. Error is alleged in the ruling that a *tales* juror, R. H. Turner, was incompetent to serve on the trial of this case. There is no evidence in the record bearing upon the qualifications of the juror; his name does not appear, either on the regular panel, or on the list of the *tales* jurors. Besides this, the exception does not state wherein the court erred in rejecting the juror, or why he was disqualified,

and the objection is altogether too vague and uncertain to authorize this court to consider it.

5. There have been two trials of this case, in each of which verdicts were found for the plaintiff. The evidence as to the nature and extent of the injuries received by the plaintiff and the cause of these injuries, is directly conflicting. That of the defendant makes it appear that they were trivial, from whatever cause they arose, while, on the other hand, the plaintiff's evidence shows that they were of a serious and permanent character, and attributes their origin to the derailing of the car in which he was a passenger. While, therefore, the verdict was not absolutely demanded, yet it is sustained by the evidence, and the judge does not appear to have abused his discretion in refusing to grant a new trial, but to have exercised it prudently and cautiously.

Judgment affirmed.