ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
v. MAGNESS.

68    289
190   599

Opinion delivered June 16, 1900.

JUDICIAL NOTICE—LOCATION OF TOWN.—The courts will take judicial notice that a town of several hundred inhabitants on a railroad, having express and post offices, is located in a certain county. (Page 290.)

Appeal from Independence Circuit Court.

RICHARD H. POWELL, Judge.

*Dodge & Johnson,* for appellant.

The complaint was defective in that it did not show that the injury occurred in the county where the suit was brought. Sand. & H. Dig., § 6352; 38 Ark. 206; 55 Ark. 282. The facts do not justify the verdict. The court erred in its instructions to the jury. The statutory requirement as to lookout extends only to the *track,* and does not embrace the whole right of way. Sand & H. Dig., § 6207; 56 Ark. 599; 48 Ark. 366; 52 Ark. 162; 62 Ark. 182. The instruction as to "reasonable care" in keeping the "lookout" was erroneous. 62 Ark. 237; 62 Ark. 253; 64 Ark. 662; 62 Ark. 170.

*Robert Neill,* for appellee.

Jurisdiction is presumed in circuit courts after judgment. 18 Wall. 350; 19 Wall. 54; Freeman, Judg. §§ 122, 124, 125; 12 Am. & Eng. Enc. Law, 271–2; 6 Cal. 685; 26 Ark. 52; 31 Ark. 190. Sufficient showing was made of when the injury occurred, to dispense with the allegation. 19 Ind. 395; 47 Ind. 326. Courts take judicial notice of the location of towns, etc. 48 Ind. 119; 28 Ind. 429; 2 Harr. (Del.) 451; 52 Tex.

562; 59 Tex. 500; 38 Ia. 22.    The railway company is held to the duty of keeping a lookout for, and using proper diligence to discover, animals *approaching* the track.    64 Ark. 239.

RIDDICK, J.    This is an appeal from a judgment against the railway company for damages caused by its train striking two mules belonging to plaintiff.    The first contention is that the circuit court had no jurisdiction, for the reason that the complaint does not allege that the injury occurred in the county where the action was brought.    But the complaint alleges that the injury occurred on the White River branch of the defendant's road near the town of Newark.    The evidence shows that the train at the time of the accident was going from Batesville to Newport, and the accident took place west of Newark, as the train was approaching that place from Batesville, and so close to the town that persons at the station saw the mules at the time they were struck by the train.    Now, it is a matter of general information that Newark, a town of several hundred inhabitants, with express and post offices, is located in Independence county, on the line of defendant's road between Batesville and Newport.    The courts will take judicial notice of the fact that it is located in Independence county, and that the circuit court of that county has jurisdiction to try an action for damages for injuries occurring there.    *Central Railroad & Banking Co.* v. *Gamble*, 77 Ga. 584.

The contention that the court erred in instructing the jury as to the lookout to be kept by employees in charge of a train must be overruled.    The engineer, according to his own testimony, saw the mules when they were five hundred yards away from the approaching train.    They were at that time within fifty feet of the track, and, having discovered them, the engineer was bound to use ordinary care to avoid injuring them. The question was not whether he kept a proper lookout, but whether he used due care after he discovered the mules near the track.    While the instruction as to the duty of the employee to keep a lookout may be abstract, we cannot see that it could in any way prejudice the rights of appellants.

On the facts the case is somewhat doubtful, but our conclusion is that the judgment should be affirmed.