### HAWKINS v. CHAMBLISS.

1. Some of the rulings on evidence which were assigned as error were of such a character as to require the granting of a new trial.
2. Want of jurisdiction can not be properly made a ground of a motion for a new trial, when no question of jurisdiction was raised before verdict.
3. While it has been held that in a proceeding to foreclose a lien such as a sawmillman's lien, a finding in favor of the plaintiff for the full amount claimed would be construed as a finding in favor of the lien, the better practice is for the verdict to contain, not only a finding as to the amount due, but also a distinct finding in favor of the lien claimed.

Argued June 18, — Decided July 13, 1904.

Foreclosure of lien.    Before Judge Crisp.    City court of Americus.    August 20, 1903.

*Hall & Wimberly* and *J. E. Hall*, for plaintiff in error.
*J. H. Lumpkin* and *W. P. Wallis*, contra.

Cobb, J.    Chambliss instituted a proceeding to foreclose a sawmillman's lien.    The defendant filed a counter-affidavit, and

at the first trial there was a verdict in favor of the plaintiff. This judgment was reversed. *Hawkins* v. *Chambliss*, 116 *Ga.* 813. The second trial also resulted in a verdict in favor of the plaintiff, and the defendant again complains that the court erred in refusing to grant him a new trial.

1. There can not be a lawful recovery in favor of the plaintiff in a proceeding of this character unless the evidence establishes, to the satisfaction of the jury, that the plaintiff has substantially complied with the terms of his contract. It is therefore a material question in all such cases, what is the contract that is relied on as the foundation for the lien ? The parties entered into a written contract, in which it was provided that the plaintiff was to saw the timber on the west half of a described lot, agreeing "to saw same close, all timber both large and small, which can be cut into merchantable or salable stuff," and to "stack up same promptly as sawed, to prevent mildew, warp, or other damage," and, to prevent loss by fire or otherwise, to carefully assort and stack up the timber "in business shape and style ;" the plaintiff to be paid for his services at the rate of $4 per thousand feet square lumber. The contract also provided that during the progress of the sawing the plaintiff was to sell and deliver to customers, keeping a correct book showing the amount sold and delivered and cash received. While the writing contained but one contract, it was a contract with two distinct parts, one relating to the sawing of the timber, and the other to the sale of the lumber after it was sawed. The plaintiff's right to recover in the present proceeding is dependent upon that part of the contract relating to the sawing. If he has substantially complied with that part of the contract, it is immaterial in the present proceeding whether he has complied with that part which relates to the sale. The material parts of the contract relating to the sawing are those that provide that the timber should be sawed "close," that both large and small timber should be cut into merchantable or salable stuff, and that the lumber as sawed should be stacked up promptly, in "business shape and style," 100 feet from the mill, and in such a manner as to prevent mildew, warp, or other damage. The plaintiff was required to comply substantially with these requirements, unless there was a waiver of compliance by the defendant. It was claimed that there was such a waiver in some particulars, that is,

as to the distance from the mill a portion of the lumber was piled, and as to some of the timber which was sawed that could not be converted into either merchantable or salable lumber at the market price of good lumber. Whether there had been such a waiver on the part of the defendant was a question which the judge properly submitted to the jury, and on this question, as well as on the question as to whether the contract had been substantially complied with in reference to other lumber not covered by the waiver, all evidence which tended to throw any light upon the controversy should have been admitted. The defendant contended that there had not been any change in the contract, that there had been no waiver, and that the plaintiff was bound to cut merchantable or salable lumber and no other kind, and that the lumber cut did not come up to these requirements. It was, therefore erroneous to reject evidence tending to show that the defendant had been unable to sell a portion of the lumber, and that a portion of it could be sold only at the actual price of sawing, as well as the testimony of a witness who had inspected the lumber and who would have testified to the quantity of lumber in each pile which was not salable. All of this evidence was material in determining whether the plaintiff had substantially complied with the original contract. If the jury believed that the contract had been changed, then this evidence would have little bearing on the case; but so long as there was an issue between the plaintiff and the defendant as to whether the original contract remained unaltered, then the evidence was material in determining whether the contract as it originally stood had been complied with. It was also error to reject evidence offered to show that the lumber had not been stacked in accordance with the contract. One witness offered to testify that the lumber was not stacked in accordance with the contract, and another that it was not very well stacked, the latter witness not having seen the lumber until some time after the sawing, but the defendant's counsel stated that they proposed to show in connection with this proof that there had been no change in the stacking of the lumber.

2. One ground of the motion for a new trial sets up that the verdict should be set aside and a new trial granted, because the city court of Americus had no jurisdiction to try the case. This is not a proper ground of a motion for a new trial. If the court

has no jurisdiction of the case, a judgment should not be rendered granting a new trial to be had on the merits in that court, which would be the effect of sustaining the motion.     We will therefore not pass upon the question sought to be raised in this ground.  If the court's want of jurisdiction was of such a character that it could not be waived by anything done by the parties, then the judgment would be void, and could be attacked at any time and any place by any one whose rights were sought to be affected by it.     On the other hand, if the want of jurisdiction was of such a character that the conduct of the parties could waive it, then it has been waived by the defendant's going to trial and submitting to the jurisdiction of the court, and the question can not be raised for the first time, after verdict, in a motion for a new trial.   On the question of jurisdiction see *Stephenson* v. *Warren*, 119 *Ga.* 504.

3. In the trial of a proceeding to foreclose a lien of the character involved in the present case the issue is lien or no lien; and if the plaintiff does not produce evidence which would authorize the jury to find that he is entitled to a lien, then there can be no recovery in his favor.   *Hawkins* v. *Chambliss*, supra.   The better practice in such cases is for the verdict to show a distinct finding by the jury that the plaintiff is entitled to a lien and to a given amount; but it has been held that where in such a proceeding the verdict was for the full amount claimed, it could have no other construction than that the jury intended to find in favor of the lien claimed.   *Eubanks* v. *West*, 119 *Ga.* 804.   It may be that any finding for the plaintiff should be similarly construed, but it is not necessary now to determine this question.   On another trial the judge will no doubt instruct the jury that if they should return another verdict in favor of the plaintiff, its form should be in accordance with the better practice as above indicated.

The foregoing disposes of all of the assignments of error which require any extended discussion.   The affidavit and execution should not have been admitted in evidence.   They are merely pleading.   If any entries on either were material to any issue in the case, the judge should have simply called the attention of the jury to such entries.   The defendant should have been permitted to explain the circumstances under which he made partial payments on the claim of plaintiff, for the jury to consider in determining whether the fact of such payments would be construed as an

admission of liability.    It was not error to refuse to allow the defendant to testify that he could see that the lumber was going .to ruin.    He could have testified to the actual condition of the lumber, but not to his opinion as to what would be its condition at some future time.    If on another trial the contents of the fly-leaf of a book which was alleged to have been lost while in the possession of the plaintiff appear to be material, the defendant will have an opportunity to serve a notice upon the plaintiff to produce the same, and, upon his failure to do so, to lay the foundation for the introduction of secondary evidence.    In construing the contract the court should have called attention to all of its terms in reference to the sawing, and on another trial will no doubt do so.    The charges complained of do not seem to be erroneous for any of the reasons assigned; and if they are erroneous for any reason, the errors will doubtless be corrected on another trial.        *Judgment reversed.    All the Justices concur.*