KELLAR, Plaintiff in error, vs. THE STATE, Defendant in error.

KLOES, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 11—April 5, 1921.*

*Criminal law: Venue: Proof by circumstantial evidence: Judicial notice of geographical facts: Witnesses: Husband and wife: Privileged communications: Harmless error.*

1. While it is the better practice to prove the venue of an offense by direct evidence, the failure to do so does not bar a lawful conviction where the venue laid can be inferred from circumstances.

2. This court judicially knows that Rhinelander is the county seat of Oneida county and that there is a town of Three Lakes and a postoffice of the same name in that county; and since the evidence shows that an offense was probably committed at the summer resort of one of the defendants situated at Big Lake, which was six miles from Three Lakes postoffice, and official maps show a Big Lake in Oneida county and none in any other county within a radius of ten miles from Three Lakes, it ·is *held* that the venue was sufficiently established.

3. On the trial of a man and woman for adultery and fornication, the testimony of the man's wife that when she told him she was ready to come home from a visit he telephoned her to stay a while longer, that she thought the female defendant had enticed him away from her, and that she and her husband had trouble over the matter, was partly privileged as relating to private communications and partly incompetent, but its admission was not prejudicial, where it was admitted that the husband was at the female defendant's resort and he testified to trouble with his wife because he stayed there.

ERROR to review a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

The plaintiffs in error, *Harry Kellar* and *Anna Kloes,* hereinafter called the defendants, were respectively convicted of the offense of adultery and fornication. *Harry Kellar* was a married man and *Anna Kloes* a widow. To review such conviction they obtained separate writs of error, but by consent they are tried as one since both depend upon the same evidence and rulings of the court.

For the plaintiffs in error there was a brief by *Martin, Martin & Martin* of Green Bay, attorneys for *Anna Kloes,* and *H. F. Steele* of Rhinelander, attorney for *Harry Kellar,* and oral argument by *Gerald F. Clifford* of Green Bay.

For the defendant in error there was a brief by *A. J. O'Melia,* district attorney of Oneida county, and oral argument by *Mr. O'Melia* and *Mr. J. E. Messerschmidt,* assistant attorney general.

VINJE, J. It is earnestly urged that the evidence does not sustain the conviction. It is true that there is no direct evidence of the offense, but the facts and circumstances furnish a sufficient basis for the jury's finding. The trial court was satisfied therewith and we cannot say, in view of such finding and approval, that we entertain any serious doubt as to its correctness. It would not profit the legal profession to set out the evidence which furnishes a sufficient warrant for the result reached by the jury. A conclusion as to the probative force of evidence is necessarily reached by a consideration of *all* the evidence. Hence to justify such conclusion all the evidence, or at least the substance thereof, must be stated. To do so is a laborious task, which when done is seldom of any future use. In the opinion of the writer it is therefore a far better practice for judges, in these busy days when the profession is literally inundated by a mass of legal opinions, to save their own time and energy for the study and exposition of questions of law,

than to spend it in the detailed statements of facts that are generally valueless as legal precedents because no other case is likely to present the same facts. It should not be inferred from this, however, that a statement to the effect that the evidence is held sufficient to sustain a finding or verdict is one lightly made, or that it may not have required hours or days of arduous toil to determine whether or not it can be justly made. That this court is mindful of its duty in this respect, especially in criminal actions, such cases as *Gerke v. State,* 151 Wis. 495, 139 N. W. 404; *Bianchi v. State,* 169 Wis. 75, 171 N. W. 639; and *Bruno v. State,* 171 Wis. 490, 177 N. W. 610, abundantly testify.

No direct proof of venue was made and it is claimed that the defendants should be discharged on that ground. It is the better practice to prove venue by direct evidence, but failure to do so does not bar a lawful conviction where the venue laid can be inferred from circumstantial evidence. Corpus Juris states the rule thus:

"Venue may, like any other fact, be established by proof of facts and circumstances from which it may be inferred, direct evidence not being necessary. This is especially true where no direct issue as to the place where the offense was committed is made on the trial except by the plea of not guilty, and all persons concerned seem to take the venue as for granted, and the evidence incidentally given strongly tends to show that the venue was properly laid, and there is no evidence to the contrary. So where no witness expressly states that the crime was committed in the county as charged, but there are references in the evidence to various localities and landmarks at or near the scene of the crime, known by or probably familiar to the jury, and from which they reasonably may have concluded that the offense was committed in the county alleged, the venue is sufficiently proved." 16 Corp. Jur. 769 and cases cited in notes.

The evidence in this case comes well within the rule above stated. No issue was made on the venue by the evidence. It showed that the offense was probably committed at the summer resort of the defendant *Anna Kloes*

located at Big Lake; that Big Lake was in the town of Three Lakes; that there was a village of Three Lakes located about six miles from the *Kloes* resort; that when *Anna Kloes* was accused of unlawfully having venison at her resort she wanted to go to Rhinelander to plead guilty. Judicially we know that Rhinelander is the county seat of Oneida county; that there is a town of Three Lakes in Oneida county and that there is a postoffice by the name of Three Lakes in Oneida county. 16 ·Cyc. 860, 861; *Smitha v. Flournoy's Adm'r*, 47 Ala. 345; *Central R. & B. Co. v. Gamble*, 77 Ga. 584, 3 S. E. 287. *Mrs. Kloes* testified that her resort was at Big Lake in Three Lakes. Since the evidence shows that it was about six miles from the postoffice of Three Lakes, it must have been in the town of Three Lakes. Official maps of the state, such as the railroad map and the map of Wisconsin showing geology and roads by W. O. Hotchkiss, state geologist, published under direction of the Wisconsin Geological and Natural History Survey, show a Big Lake in Oneida county. Such maps fail to show any other Big Lake in any other county within a radius of ten miles or more from the postoffice of Three Lakes in Oneida county. It follows that both by circumstantial evidence and direct evidence, taken in connection with facts of which the court can take judicial notice, the venue was sufficiently proven. In so holding we do not take into account the evidence as to venue taken by the court after the jury was discharged. It is questionable whether such evidence was proper.

The wife of *Harry Kellar* was allowed to testify on behalf of the state to the effect that while *Kellar* was at the *Kloes* resort she was at Oshkosh on a visit, her home being at Rhinelander; that she told him she was ready to come home, but he telephoned her to stay a while longer; that she thought *Anna Kloes* had enticed him away from her and that she and her husband had trouble over the matter to such an extent that he once struck her nose so that it was severely injured. The blow was made in the presence of their daughter

Elaine, who also testified to it. The evidence of *Mrs. Kellar* was partly privileged because it related to private communications between husband and wife, and partly incompetent or immaterial, such as her belief that *Anna Kloes* enticed him away from her. But we fail to find prejudicial error. That *Kellar* was at the *Kloes* resort was admitted on the trial by both defendants and he also testified to trouble with his wife because he stayed there. On the whole record we find no error.

*By the Court.*—Judgment affirmed.