City of Milwaukee, Appellant, vs. Blechinger, Respondent.

*September 14—October 11, 1927.*

*Disorderly house: Venue: Evidence: Sufficiency.*

In an action by a city for a penalty for the violation by defendant of a city ordinance prohibiting the keeping of a disorderly house, the evidence, though meager, is *held* sufficient to prove the venue.

Appeal from a judgment of the municipal court of Milwaukee county: George A. Shaughnessy, Judge. *Reversed.*

This action was brought by the city of *Milwaukee,* a municipal corporation, to collect the penalty or forfeiture due it from the defendant *Joseph Blechinger* for having on the 27th day of June, 1926, violated sec. 1063 of the ordinances of said city, in that the said defendant on that day did keep a disorderly house upon the premises located at number 450 Fourth street in said city.

The defendant was first brought to trial in the district court of Milwaukee county and found guilty of the offense

charged, whereupon he appealed to the municipal court of Milwaukee county and there was a trial *de novo*. Upon the trial in the municipal court the defendant was found guilty as charged in the complaint. Upon the coming in of the verdict the defendant moved that the court set aside the verdict of the jury for the reason that the venue had not been proven. After argument defendant's motion was granted and judgment was entered setting aside the verdict of the jury, dismissing the action and discharging the defendant, from which the plaintiff city appeals.

The cause was submitted for the appellant on the brief of *John M. Niven,* city attorney, and *Andrew W. Brunhart,* assistant city attorney, and for the respondent on that of *Cannon & Waldron* of Milwaukee.

ROSENBERRY, J.  A witness, Walter Schroeder, police officer of the city of *Milwaukee,* testified that he was such on the 27th day of June, 1926; that he knew the defendant was conducting his business at 450 Fourth street; that he passed the defendant's place of business and observed the conduct which he claimed amounted to a violation of the ordinance. One Dax, a witness for the plaintiff, testified that he was a sergeant on the police force; that he met the officer, Schroeder, at the police box at Fifth and Vliet streets and that Schroeder told him that *Blechinger's* place was going wide open.

The proof in this case is meager, but the situation is ruled by *Kellar v. State,* 174 Wis. 67, 182 N. W. 321, and it must be held that the trial court was in error in holding, in view of the finding of the jury, that the venue was insufficiently proven.

*By the Court.*—The judgment appealed from is reversed, and cause remanded for further proceedings according to law.