25819.   ROBINSON *v.* ATTAPULGUS CLAY COMPANY.

DECIDED JANUARY 7, 1937.

H. B. Spooner, J. C. Hale, for plaintiff.

M. E. O'Neal, A. B. Conger, for defendant.

GUERRY, J.   Mrs. Robinson filed suit in the city court of Bainbridge against the Attapulgus Clay Company, and obtained a judg-

ment. On motion a new trial was granted. The plaintiff then dismissed the action in the city court, and brought it in the superior court of Decatur County. The Attapulgus Clay Company filed a petition to remove the case to the Federal court, on the ground that it was a citizen of the State of Delaware, and the amount sued for was in excess of $3000. The plaintiff filed a demurrer and its answer to the petition for removal. The demurrer complained that the facts set out in the petition were insufficient to cause a removal; that the petition did not allege the State of which the plaintiff, Mrs. Robinson, was a citizen, but merely alleged that she "was on the date of the filing of her suit, and now is, either a *resident* [italics ours] of the State of Florida or a resident of the State of Georgia, temporarily residing in the State of Florida," and that the general allegation that "the petitioner herein and the Attapulgus Clay Company were residents and citizens of different States" was a mere conclusion of the pleader. The answer alleged the facts set out above, in reference to the filing of the original suit in the city court of Decatur County. The court passed an order removing the case to the Federal court and the plaintiff excepted.

■ We will discuss first the contention, that, having filed in the city court no petition to remove this same suit, the defendant may not now file such a petition; that, having appeared and pleaded in the city court, the defendant waived its right to have the case removed for diversity of citizenship. If the present case was the case in the city court of Bainbridge, we would be inclined to agree. The Code, § 3-808, however, declares that "If a plaintiff shall be nonsuited or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to *limitation* [italics ours], with the original case." The above section merely tolls the statute of limitations, but does not prevent the defendant from filing such proceedings as he may deem best as against the recommenced action. An amendment will open a petition to a general demurrer; and a suit which has been dismissed and renewed, even in the same court, may be demurred to on renewal, although no demurrer was interposed in the original action. A plaintiff, on renewal, may allege additional facts or contentions, and the defendant likewise can interpose such defensive pleadings as he may deem best. The suit recommenced

in the superior court may have interposed thereto affirmative equitable defenses to which it would not have been subject in the city court. A number of physical precedents may be cited, where a petition for removal was granted to a renewed or recommenced suit. Evans *v.* Sioux City Service Co., 206 Fed. 841; Warax *v.* Cincinnati &c., R. Co., 72 Fed. 637; Johnson *v.* Blackwood Lumber Co., 189 N. C. 81 (126 S. E. 165); Chesapeake &c. Ry. Co. *v.* Hendricks, 88 Tenn. 710 (13 S. W. 696, 14 S. W. 488); Arrowsmith *v.* Nashville &c. R. Co., 57 Fed. 165. So far as the right of removal was concerned, the renewed or recommenced suit in the present case was in the same position as the original suit.

■ The plaintiff insists that there is no sufficient allegation as to diversity of citizenship; that it is necessary to allege of what State the plaintiff is a citizen, as well as the State where the defendant has its citizenship; and that the allegation that the plaintiff is a resident of the State of Florida or a resident of the State of Georgia is insufficient. It is true that the allegation of residence is not an allegation of citizenship (Continental Ins. Co. *v.* Rhoads, 119 U. S. 237 (7 Sup. Ct. 193, 30 L. ed. 380); Everhart *v.* Huntsville College, 120 U. S. 233 (7 Sup. Ct. 555, 30 L. ed. 623); Galveston &c. Co. *v.* Gonzales, 151 U. S. 496 (14 Sup. Ct. 401, 38 L. ed. 248); Hinman *v.* Barrett, 244 Fed. 621; Harding *v.* Standard Oil Co., 182 Fed. 421), and to allege that the plaintiff is a resident of the State of Georgia is not sufficient to show his citizenship in this State. In Neel *v.* Pennsylvania Co., 157 U. S. 153 (15 Sup. Ct. 589, 39 L. ed. 654), cited by counsel for the plaintiff, it is said: "'The allegation in the petition for removal of a cause, that the plaintiff 'is a resident of the State of Ohio in the County of Richmond,' is not sufficient to show its citizenship in that State; and the additional allegation 'that the matters in controversy in this suit are wholly between citizens of different States' is an unauthorized conclusion of law from such facts." In Grace *v.* American Central Ins. Co., 109 U. S. 278 (3 Sup. Ct. 207, 27 L. ed. 932), also cited for the plaintiff, it was said: "The doctrine reaffirmed, that when jurisdiction of the circuit court depends upon the citizenship of the parties, such citizenship, or the facts which in legal contemplation and intendment constitute it, must be distinctly and positively averred in the pleadings, or appear with equal distinctness in other parts of the record. An aver-

ment that parties reside, or a firm does business, in a particular State, or that a firm is of that State, is not sufficient to show citizenship in that State." An even stronger statement of the principle was made in Cameron *v.* Hodges, 127 U. S. 322 (8 Sup. Ct. 1154, 32 L. ed. 132) : "It is not sufficient to give jurisdiction to a circuit court of the United States that the defendant in the suit is a citizen of the State, and none of the complainants were citizens of that State. The adverse party must be the citizen of some other named State, or an alien. . . A distinct statement of the citizenship of the parties, and of the particular State in which it is claimed, is required, in order to sustain the jurisdiction of the circuit court."

It may be well to consider the reason for these rules of exact and distinct averment of citizenship of the parties to an action. In U. S. C. A. § 112, it is declared that "No civil suit shall be brought in any district court against any person by any *original process* [italics ours] or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Jurisdiction itself is a term that is defined to be "the power of hearing and determining causes and doing justice in matters of complaint." *Wright* v. *State,* 16 *Ga. App.* 216 (84 S. E. 975). "The jurisdiction of a court is determined by its power or its lack of power to deal with a plaintiff's petition." *Garfield Oil Mills* v. *Stephens,* 16 *Ga. App.* 655 (85 S. E. 983). "A court of competent jurisdiction is one that has jurisdiction both of the person and the subject-matter." *English* v. *Central of Ga. Ry. Co.* 7 *Ga. App.* 263 (66 S. E. 969). Jurisdiction refers to the power of the court over the subject as well as the person. The power of the court over the subject-matter is a sine qua non to a valid judgment, and may not be waived by consent of the parties. Jurisdiction over the person is a personal plea and may be waived. In the cases cited, as well as in numbers of other cases, the U. S. C. A. section quoted above has been construed to mean that even in cases transferred to the Federal courts because of diversity of citizenship, before the Federal court will entertain jurisdiction it must affirmatively appear, not only that the defendant, who alone had power to petition the State

court for a removal of the cause, was not a citizen of the State in which the suit was filed, but that the plaintiff in the State court was a citizen of the State where the suit was filed. The section above quoted states that "suit shall be brought only in the district. of the residence of either the plaintiff or the defendant." In Ex parte Wisner, 203 U. S. 449 (27 Sup. Ct. 150, 51 L. ed. 264), it was said: "A suit which by reason of the non-residence of both parties, could not have been brought in the Federal circuit court in the first instance, can not be removed to that court from a State court under the acts of March 3, 1887, and August 13, 1888, on the ground of diverse citizenship, at least where the plaintiff resists such removal, even if the consent of both parties could confer jurisdiction." It may readily be seen, in construing the statutes conferring jurisdiction on the circuit courts, that the Supreme Court in these cases was particular to restrict actions between citizens of different States to the exact and inelastic language of the statute. No notice or distinction was made of the fact that in a petition for removal from a State court this right to remove was vested in the defendant alone, nor was any consideration had of the fact that the plaintiff, whether a resident of the State where the action was filed or not, had, by bringing his suit in that State, submitted himself to the jurisdiction of that State and thus waived the plea which was personal to him by reason of diverse citizenship. The reason for the rule, as fixed by the decisions first quoted, is the principle as set forth in the Wisner case, supra. That principle has been followed by this court in *Sutherlin* v. *Pullman Co.*, 24 *Ga. App.* 430 (101 S. E. 314), in which it was held that a suit filed by one who was not a citizen of the State of Georgia against the Pullman Company, which was a citizen of another State although it had an office and place of business in this State, could not be removed to the Federal court, because neither the plaintiff nor the defendant was a citizen of the State of Georgia. The ruling in the Wisner case was criticised in In re Moore, 209 U. S. 490 (28 Sup. Ct. 585, 52 L. ed. 904, 14 Ann. Cas. 1164). In General Inv. Co. *v.* Lake Shore &c. Ry., 260 U. S. 261 (43 Sup. Ct. 106, 67 L. ed. 244), the court said: "Sec. 24 of the Judicial Code [28 U. S. C. A. § 41] declares that the district courts shall have original jurisdiction . . of all suits of a civil nature, at common law or in equity, . . where the matter in controversy ex-

ceeds, exclusive of interest and costs the sum or value of three thousand dollars, . . is between citizens of different States. . . Section 51 [which is the section heretofore cited, U. S. C. A. title 28, sec. 112] deals with the venue of suits *begun* in those courts." Quoting further: "Section 24 contains a typical grant of original jurisdiction to the district courts in general of 'all suits' in the classes falling within its descriptive terms. . . Section 51 does not withdraw any suit from that grant, but merely regulates the place of suit, its purpose being to save defendants from inconveniences to'which they might be subjected, if they could be held to answer in any district, or wherever found." It was further said: "We conclude that, as the present suit was one arising under the laws of the United States, of which the district courts are given original jurisdiction by section 24, the defendants were entitled, under sections 28 and 29 [28 U. S. C. A. §§ 71, 72], to remove from the State courts, where it was begun, into the district court for that district, regardless of the citizenship or places of inhabitance." The Wisner case was criticised in that case. In Lee *v.* Chesapeake & Ohio Ry., 260 U. S. 653 (3, 4) (43 Sup. Ct. 230, 67 L. ed. 443), it was said: "The clause of Judicial Code, § 51 [28 U. S. C. A. § 112] providing that such suits shall be brought only in the district court of the district of the residence of either the plaintiff or the defendant does not limit the general jurisdiction created by § 24, or withdraw any suit therefrom, but merely confers a personal privilege on the defendant which he may waive or assert, at his election. . . Whenever such suit is removed from a State court under Judicial Code, § 28, the removal must be to the district court in the district where the suit is pending. . . The right of removal under § 28 is exercisable by the defendant or defendants without regard to the assent of the plaintiff. . . An action between citizens of different States begun in a court of a State of which neither is a citizen, is removable by the defendant to the district court of the district in which the suit is pending. Ex parte Wisner, 203 U. S. 449, overruled, In re Moore, 209 U. S. 490, qualified." A full discussion of the reasons for the above statement occurs in the decision. See also Great Northern Ry. *v.* Galbreath, 271 U. S. 99 (46 Sup. Ct. 439, 70 L. ed. 854) ; Hurley *v.* Wells-Newton Nat. Cor., 49 Fed. (2d) 914.

The petition for removal in the present case distinctly avers that

the defendant in the State court, the petitioner for removal, was a citizen of the State of Delaware, and that the plaintiff and the defendant were citizens of different States. It becomes immaterial, under this decision, whether the plaintiff was a citizen of the State of Georgia or of some other State, just so he was not a citizen of the State of Delaware. An allegation that defendant was a citizen of the State of Delaware, and that it and the plaintiff were citizens of different States, under the decision in the Lee case, supra is sufficient to show that the Federal court of the district of the State in which the suit was filed had jurisdiction of the case, and this is true although such Federal district court might not have had jurisdiction of the matter had the case been filed as an original suit in the Federal court. When it becomes immaterial whether the plaintiff is or is not a citizen of the State where he has filed suit, it becomes unnecessary to allege the State of his residence, except to allege that he does not reside in the same State where the defendant resides. The court did not err in ordering the removal of the action to the Federal court.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*