## ROBERSON *v.* THE STATE.

No. 13369.   JULY 16, 1940.

*D. C. Jones,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, W. G. Neville, solicitor-general, J. J. E. Anderson & Son,* and *Herschel E. Smith, assistant attorney-general,* contra.

GRICE, Justice.   Lee Roberson was indicted and convicted of the offense of murder, and was recommended to mercy.  He made a motion for new trial, based on the general grounds, and later

filed an amendment complaining of specified portions of the court's charge, excepting to the court's failure to give the jury instructions contended for, and to the admission of certain testimony. The motion was overruled, and he excepted.

1. The first two special grounds of the motion complain that the court charged to the jury the law of conspiracy, the contention being that there was no evidence of any conspiracy, and that the charge was misleading and confusing. We have not deemed it necessary to make a critical examination into the correctness of the premise asserted by the movant, to wit, that there was no evidence of a conspiracy, because, even if there were none, it is not shown that the giving of the charge was hurtful to the accused. *Johnson* v. *State,* 30 *Ga.* 426 (4) ; cf. *Hill* v. *State,* 44 *Ga. App.* 324 (161 S. E. 678).

2. The third ground is based on the complaint that the court failed to charge the jury to the effect that when a person becomes ill and dies, the presumption is that he died a natural death; and the movant sets out what the court should have charged the jury on that subject. The judge instructed the jury as to the presumption of innocence, and that this presumption remained throughout the trial unless and until it is overcome beyond a reasonable doubt. Had a more specific charge been desired, a request should have been made therefor.

3. The fourth ground is as follows: "Because the court erred in charging the jury as follows, to wit: 'Now, gentlemen, if you find from the evidence, beyond a reasonable doubt, that the defendant administered or gave to the deceased a poison known as bitter apple, that is, if you believe beyond a reasonable doubt that he did give him bitter apple, and that bitter apple was a poison, if you find that he gave it to him ignorantly and without any intent to kill Willie Hall, as he gave it to him ignorant of it being a poison and without any intent to kill Willie Hall, the defendant would not be guilty.' This charge of the court was error for the following reasons: (1) because said charge limits the jury in its consideration of this case to whether the defendant gave to the deceased bitter apple in ignorance of it being a poison, when as a matter of fact the jury should have been instructed that if the defendant administered bitter apple to the deceased, knowing at the time it was poison, but administered it to him as a medicine

or drug in the belief that it would relieve or aid in relieving the illness of the deceased, and administered such medicine in such quantities or doses as he believed was the proper dose to be given, then, in that event, the defendant would not be guilty; (2) because said charge did not fully instruct the jury all the ways or all the state of facts under which the jury would be authorized and should find the defendant not guilty; (3) and causing said charge in its limitation was injurious and hurtful to the accused." The criticism is not well founded, in view of other portions of the charge. Immediately following the quoted excerpt, the court charged: "As to whether or not the stuff known as bitter apple is a poison, and will kill if administered in an improper amount, is a question of fact for you to determine. As to whether or not the defendant administered that kind of medicine or drug to the deceased is a question of fact for you, and you alone, to determine; and if you find that the defendant did administer the drug, or the bitter apple, it is for you and you alone to determine with what intent he administered it, if you find that he did give it to the deceased; and if he gave it to him in good faith and without any intent to kill, as I charged you before, he would not be guilty. The burden is upon the State, gentlemen, as I have already told you, to prove beyond a reasonable doubt that the defendant gave it to the deceased, Willie Hall, with the intent to kill, and that it did kill him in the manner and form alleged in this bill of indictment."

4. In ground 5 a new trial is sought because the court refused to permit the defendant's witness, the physician who attended the boy alleged to have been poisoned by the accused, to testify that the boy told him, the physician, that he had eaten green pecans. The witness testified that he saw the boy vomit green pecans. Other witnesses swore, without dispute, that the boy had eaten green pecans. The ruling here involved affords no ground for new trial.

5. The remaining ground is as follows: "Because the following material evidence of J. L. McGee, a witness sworn for the State, was illegally admitted to the jury by the court, over the objection of movant, to wit: 'Q. What have you to say, Doctor, in reference to whether or not that is proof or not proof that the victim was poisoned? A. The absence of positive findings does not prove there was no poison administered; it does not prove that there was not any poison; it simply means that we, in the

organs we had, under the conditions they came to us, failed to show the presence of poisons; both as to time and other features.' We object to this evidence, may it please the court, because it is a mere conclusion of the witness; as to whether that is proof or not, is for the jury to say. He is undertaking to elicit from the witness whether or not, when he exhausted every means and every one negatived the presence of poison or presence of poisons, he wants to know whether that will prove the boy was or was not poisoned; and I think that would be for the jury to say, and not the witness. This witness had just sworn that after exhausting every means, and searching for every known poison, he found none that could be reported present. Which objections the court then and there overruled." The witness used the word "prove" in the sense of demonstrating a scientific fact. The same meaning would have been expressed had he said, "verify," or "substantiate." The witness had qualified as an expert in the field to which his testimony related. It was permissible for him to swear that it was possible for poison to have entered the boy's stomach, and yet that, although an examination was made by him of the particular organs to which he applied the tests, none was located. This was the fair interpretation of the testimony.

6. The general grounds of the motion remain to be considered. We have carefully and anxiously examined the brief of evidence, and have carefully considered the able brief submitted by counsel for the accused. We are unable to adjudge that the verdict is without evidence to support it; and having the approval of the trial judge, the judgment denying the motion for new trial is

*Affirmed. All the Justices concur.*