36110. ARNOLD *v.* CHUPP, by Next Friend.

DECIDED MARCH 14, 1956.

584

*Burt DeRieux, Marshall, Greene & Neely,* for plaintiff in error.
*Cullen M. Ward, Dudley Cook,* contra.

TOWNSEND, J. ▪ In special ground 6 it is contended that the trial court gave the plaintiff the benefit of a contention not pleaded or pressed by him. The court charged certain statutes, prefacing this portion of his instructions by the statement: "Among the acts of negligence charged by the plaintiff in his petition are certain acts which he charges were a violation of the

laws of Georgia." The court then charged statute law relating to two charges of negligence per se on the part of the defendants. He then charged: "Then there was in effect at the time and place of the occurrence set out and described and alleged in this petition the following statutory regulations: An operator intending to start, stop, or to turn his vehicle to the left or right shall extend the hand and arm over and beyond the left side of the vehicle in the following manner, and such signal shall indicate as follows: 1. Left turn—hand and arm extended horizontally . . ." etc. If the charge were such, in connection with the evidence and theories urged on the trial of the case, as to possibly mislead the jury into thinking that the plaintiff was charging the defendants with negligence in giving an improper signal, which was a contention not made by them, this would be error. *Ergle* v. *Davidson*, 69 *Ga. App.* 102 (24 S. E. 2d 810). Since all the evidence regarding signals related to such as were given by the driver of the truck around which one of the defendants was passing, obviously the jury would not have confused the charge relating thereto with any contention of the plaintiff that the defendant was guilty of negligence per se by having given or failed to give any such signal. However, the evidence relating to the giving of such a signal by a third party made the charge applicable to the evidence in the case. Although its location in the charge is not such as to make the instruction by the court to the jury on this subject entirely clear, it is such that when construed with the whole charge and in connection with the evidence the jury plainly could not have been misled thereby. Accordingly, it could not have been prejudicial and the exception to this portion of the charge is without merit.

■ Special grounds 8, 9, 10 and 11 contend that the court erred in refusing certain written requests to charge. The substance of the requests is that where an act or omission is the general custom and practice, it is admissible in evidence to show the act or omission is reasonable under the circumstances; that a customary practice is presumed to be such as an ordinary or reasonably prudent person would do under the circumstances; that the defendant contends he passed the truck in question after receiving a signal from the driver that the way ahead was clear and that in so acting he was not negligent; that it would be the jury's

province to decide whether the defendant driver acted as an ordinarily reasonable and prudent man would act under the same circumstances, and if they found that he did so the plaintiff would not be entitled to recover.

In *Shirley Cloak & Dress Co.* v. *Arnold*, 92 *Ga. App.* 885 (90 S. E. 2d 622), another case growing out of the same transaction, it was held not error to sustain a special demurrer to allegations pleading the custom of blinking a left blinker light as a signal to a following vehicle to pass, on the ground that there were not sufficient allegations to show a general custom or usage. In that case the defendant is the one who gave the signal, and the giving thereof was alleged to constitute a negligent act committed against the plaintiff who relied upon it to his injury. That case is not applicable here where the plaintiff had no connection with the giving of the signal or the acting upon it by the defendant. Also, while the special demurrer in that case was held to have been properly sustained because it contended the custom was not properly pleaded, it is not to be construed thereby as a holding that such a custom, if properly pleaded, would constitute a defense in favor of a person who while acting on it injured another having no connection with it. Code (Ann. Supp.) § 68-1648 provides for the use of mechanical turn signals by means of blinker lights. From this it is obvious that the legal meaning of such signals is that the driver of the front vehicle is warning drivers of following vehicles, when the left blinker light is in operation, that it is his intention to turn to his left. If, after giving such signal, he proceeds to turn to his left and the vehicle following, receiving such warning, undertakes at the same time to pass, the probable result of such movements would be a collision. To recognize a custom that the signal for left turn from the lead vehicle means an invitation to the following vehicle to pass is to give such signal a meaning in direct conflict with the meaning assigned it by express statutory law. A custom or usage which is obviously dangerous, especially when not shown to be known to the opposite party, is ordinarily not admissible for the purpose of excusing what would otherwise be negligent conduct. *Mayfield* v. *Savannah, Griffin & North Alabama R. Co.*, 87 *Ga.* 374 (2) (13 S. E. 459). As stated in Blashfield, Cyclopedia of Automobile Law, Vol. 9C, § 6186.5, "Custom cannot make due care out of negligent conduct."

· Nor can the defendant driver rely as an absolute defense upon the fact that the driver of the lead truck motioned him on around. The duty to see that the road ahead was clear before passing rested upon the driver of the automobile and no one else. He had no more right to rely upon the voluntary act of the truck driver than he would have had to drive a car blindfolded, relying upon some person sitting next to him to instruct him as to how he ought to steer. If it should be said that he adopted the driver of the lead vehicle as his agent to instruct him when the way ahead was clear, then clearly he would be liable to a person injured by the negligent act of such agent. What is here said relates to situations where parties other than the person giving the signal and the one relying upon it are involved, for, as to such third persons, one cannot delegate a statutory duty so as to escape negligence and the consequences of negligence resulting from such delegation.

Nothing herein is in conflict with what is held by this court in the *Shirley* case, supra. Concurrent tortfeasors may become jointly and severally liable to a third person whom they injure by their combined negligence. However, one of them may be liable to the other growing out of the same transaction, in which case the negligence of the plaintiff does not bar recovery if it be less than that of the defendant, and the plaintiff's negligence is not such as to amount to the failure to exercise ordinary care to avoid the consequences to himself caused by the defendant's negligence, after the danger became apparent or was reasonably to be apprehended, all of which ordinarily constitute jury questions.

■ The general grounds are insisted upon to the extent that it is contended no proper venue was shown and for that reason the verdict should be set aside. The action was brought against a nonresident motorist under the provisions of Code (Ann. Supp.) Ch. 68-8. Code (Ann. Supp.) § 68-803 provides that the venue of such actions shall be either the county where the injury occurred or the county where the plaintiff resides, as he may elect. The record negates the action having been brought in the county where the injury occurred but is silent as to the county of the plaintiff's residence. Where the court has jurisdiction of the subject matter, jurisdiction of the person may be waived. *Epps & Leabow* v. *Buckmaster*, 104 *Ga.* 698 (30 S. E. 959). One who appears and

pleads to the merits without excepting to the jurisdiction thereby admits the jurisdiction of the court over his person. Code § 81-503. The defendants appeared, pleaded and defended upon the trial of the case, all without questioning the jurisdiction and venue of the action. Accordingly, they cannot for the first time on appeal raise this question.

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*