39379. STANDFORD *et al.* v. DAVIDSON.

Decided April 11, 1962.

*Foley, Chappell, Young & Hollis, Howell Hollis,* for plaintiffs in error.

*James H. Fort, G. Gerald Kunes,* contra.

Felton, Chief Judge. 1. The only question in this case is whether, in an action under the Nonresident Motorists Act, the true residence of the plaintiff, which is the basis of alleged venue, is jurisdictional as to subject matter, or whether it is jurisdictional only as to the persons of the nonresident defendants. "At common law a transitory action such as an action in tort may be brought in any county which the plaintiff elects." *Lloyd Adams Inc. v. Liberty Mutual Ins. Co.,* 190 Ga. 633, 638 (10 SE2d 46). The original Nonresident Motorists Act provided that an action could be filed by a resident in any county in the State. Any court of the State named in the act thus had jurisdiction of the subject matter of the action. The amendment to the act simply fixed the venue of the actions. See *Code Ann.* § 68-803, acts cited and editorial note. *Arnold v. Chupp,* 93 Ga. App. 583 (3) (92 SE2d 239). Plaintiff in error contends that the evidence showed the residence of the plaintiff in the trial court to have been in a county other than that in which the action was brought and that therefore the court was without jurisdiction of the subject matter and cites cases relating to actions against railroad companies under *Code* § 94-1101. The answer to this contention lies in the fact that *Code* § 94-1101 specifically provides that "*any judgment rendered in any county other than the one herein designated shall be utterly void.*" (Italics ours.) There is no such provision in the Nonresident Motorists Act. The provision in the railroad act does not mean

that the question of bringing an action in the wrong county is jurisdictional as to subject matter.

2. From what is said above, it follows that such an action, brought by a resident against nonresidents, neither in the county where the action arose nor in the county of the plaintiff's residence, confers jurisdiction of the subject matter upon the court if named in the Nonresident Motorists Act, and the plea to the merits without filing a plea to the jurisdiction as to the person is a waiver of the lack of such jurisdiction. *Code* § 81-503. Objection to jurisdiction of the person because of improper venue cannot be raised in a motion for a new trial when it was not raised before verdict. *Hawkins v. Chambliss*, 120 Ga. 614 (48 SE 169). An answer which neither admits nor denies the allegation as to venue is not equivalent to a plea to the jurisdiction (*Crockett & Co. v. Garrard & Co.*, 4 Ga. App. 360 (2a), 61 SE 552) as such a plea is equivalent to a denial. While some language in *Garver v. Smith*, 90 Ga. App. 892, 895-6 (84 SE2d 693) seems to indicate that in a case like this jurisdiction of subject matter is involved, the entire opinion and judgment are not contrary to what we here rule.

The court did not err in failing to dismiss the action on its own motion, did not err in refusing to set aside plaintiff's judgment on the motion of the defendants, and did not err in refusing to grant a new trial based on the grounds that the court erred in failing to charge the jury as to the definition of "residence," and that the court failed to charge the jury on the effect of the Nonresident Motorists Act upon the court's jurisdiction.

*Judgments affirmed. Bell, J., concurs. Hall, J., concurs specially.*

HALL, Judge, concurring specially. While I concur in the judgment and agree in substance with the above opinion, I feel compelled to set out my personal views as to the use of the word "jurisdiction." In my opinion the term has been used far too loosely in many reported opinions and as a result has produced no small degree of equivocality.

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any

case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power." *Melton v. Jenkins,* 50 Ga. App. 615 (1) (178 SE 754); *Zeagler v. Zeagler,* 192 Ga. 453, 456 (15 SE2d 478). "Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action." 21 C.J.S. 32, § 15 (a). "In modern legal phraseology 'venue' means the place, that is the county or district, wherein a cause is to be tried . . ." 56 Am. Jur. 4, § 2. "The terms 'jurisdiction of the person' and 'venue' should not be used interchangeably. 'Jurisdiction of the person' cannot be used when 'venue' is meant because 'jurisdiction of the person' cannot mean the place of suit, i. e., venue, although it may be used to indicate the result of a proper laying of venue or with reference to the result of an improper laying of venue. On the other hand the term 'venue' should not be used when 'jurisdiction of the person' is intended because the latter term is used to connote the results of other defects than that of either proper or improper venue. So if one term is used when the other is intended, confusion may result." Leverett Hall & Christopher, Georgia Procedure & Practice, 98-99, § 5-8.

Unfortunately the Georgia Code, Title 81, Ch. 5, entitled "Pleas to the Jurisdiction" encompasses a defense based upon lack of jurisdiction of the person (lack of or improper process or service) and a defense based on improper venue. It is incumbent therefore upon both the bench and the bar to be unequivocal and explicit in setting out the reasons for a "plea to the jurisdiction." "Pleas to the jurisdiction" should be specific enough to differentiate between a plea to the jurisdiction over the person (lack of or improper process or service) and a plea to the jurisdiction based on improper venue.

All the assignments of error here involve an interpretation of *Code Ann.* § 68-803 which provides: "All suits or causes of action brought under this Chapter, relating to the use of the highways of this State by nonresident motorists shall be brought

in the county in which the accident, injury, or cause of action originated, or in the county of the residence of the plaintiff therein, as the plaintiff in such suit may elect, if the plaintiff in such suit is a resident of the State of Georgia; . . ." The defendants contend that the evidence showed the residence of the plaintiff to be in a county other than that in which the action was brought, and that therefore the court was without *jurisdiction of the subject-matter.*

"At common law a transitory action such as an action in tort may be brought in any county which the plaintiff elects." *Lloyd Adams Inc. v. Liberty Mut. Ins. Co.*, 190 Ga. 663, supra. It is clear therefore that any court of this State having jurisdiction of tort actions has jurisdiction of the subject matter of the action in this case. The provisions of *Code Ann.* § 68-803 relate to and establish the proper venue for actions under the Nonresident Motorists Act, supra.

Where improper venue does not appear upon the face of the record, it must be raised by a special plea. *Central R. & Bkg. Co. v. Gamble*, 77 Ga. 584, 588 (3 SE 287); *Garver v. Smith*, 90 Ga. App. 892, 896 (84 SE2d 693). It is a plea which, without disputing the justice of the plaintiff's claim, objects to the place where it is asserted. *Dickenson v. Hawes*, 32 Ga. App. 173, 176 (122 SE 811).

While jurisdiction over "the subject-matter is a sine qua non to a valid judgment, and may not be waived by consent of the parties. . .", jurisdiction "over the person is a personal plea and may be waived." *Robinson v. Attapulgus Clay Co.*, 55 Ga. App. 141, 144 (189 SE 555); *Code* § 81-503. "Appearance and pleading to the merits without objecting to the venue of the suit or reserving the right to do so is a waiver of the right to be sued in the place provided by law." *George Washington Life Ins. Co. v. Peacock*, 90 Ga. App. 296, 297 (82 SE2d 875); *East Tenn. &c. R. Co. v. Suddeth*, 86 Ga. 388 (3) (12 SE 682). This doctrine of waiver is applicable to the venue provisions of the Nonresident Motorists Act (*Code Ann.* § 68-803). *Arnold v. Chupp*, 93 Ga. App. 583 (3) (92 SE2d 239).