## 36977. RENO v. RENO.

GREGORY, Justice.

Appellant wife, a resident of Dawson County, sued appellee husband for divorce in Clayton County. Appellee responded with a motion to dismiss for lack of "jurisdiction."[1] Pending the final determination of the case, the trial court awarded temporary alimony to appellant.

On January 17, 1980, the issue of appellee's domicile was presented to a jury. At the close of the evidence, the trial court directed a verdict in favor of appellee, finding that he was not domiciled in Clayton County.[2] Appellant appealed to this court. On April 29, 1980, we dismissed the appeal for failure to comply with the provisions of Code Ann. § 6-701.1. See *Reno v. Reno,* 245 Ga. 792 (267 SE2d 221) (1980).

During the pendency of the first appeal, appellee asked the trial court to terminate the award of temporary alimony. The trial court declined to do so. However, in spite of the trial court's action, appellee made no payments of temporary alimony after January 17, 1980 (the date of the directed verdict).

After the appeal was dismissed, appellant obtained a fi. fa. for the amount of the arrearage and attempted to garnish appellee. Appellee moved to set aside the fi. fa. and to vacate the temporary order. On June 27, 1980, the trial court set aside the fi. fa. and vacated the temporary alimony award nunc pro tunc to January 17, 1980. That order forms the basis of this appeal.

We need not consider appellee's contention that the award of temporary alimony was void from its inception because the court was

---

[1] Actually, the problem was lack of venue, not jurisdiction. See *Standford v. Davidson,* 105 Ga. App. 742, 744 (125 SE2d 720) (1962) (Justice Hall concurring specially) and *Hopkins v. Hopkins,* 237 Ga. 845 (1) (229 SE2d 751) (1976) for a discussion of the difference.

[2] See Art. VI, Sec. XIV, Par. I (Code Ann. § 2-4301).

without jurisdiction.[3] We find that in any event, appellant's right to temporary alimony terminated January 17, 1980.

Appellant appealed directly to this court from the directed verdict without having made application pursuant to Code Ann. § 6-701.1. The attempted appeal was a nullity, and could not supersede the judgment appealed from. Therefore, appellant's right to temporary alimony terminated January 17, 1980. Compare *Meeks v. Meeks,* 209 Ga. 588 (4) (74 SE2d 861) (1953).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 6, 1981.

*Moffett & Henderson, F. Glenn Moffett, Jr., L. Prentice Eager III,* for appellant.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellee.

---

[3] Although appellee makes this contention, he does not contest the initial award of temporary alimony nor request reimbursement of amounts he paid prior to the directed verdict of January 17, 1980.