### ALLEN v MILLION

Ohio Appeals, 2nd Dist, Montgomery Co

No 1599.   Decided May 23, 1940

Charles F. Points, Xenia, for appellant.

W. O. Stokes, Dayton, and Wayne F. Lee, Dayton, for appellee.

**OPINION**

By GEIGER, J.

This case is before us on appeal on questions of law from a judgment and order of the Court of Common Pleas dismissing in that Court a petition for partition filed on October 21, 1938 by Rachal Allen, plaintiff, against Rosetta Million.

The petition for partition recites the fact that the plaintiff has an undivided one-fourth interest as tenant in common in certain real estate located in Montgomery County; that on the 7th day of July, 1937, John Million, son of the plaintiff. died intestate seized in fee simple of said premises leaving Rosetta Million, his widow, and the plaintiff his mother, as his sole heirs at law; that defendants, Elizabeth Smith (or Smithers) the administratrix of John Million and the Mutual Home & Savings Association, claim some interest.

The prayer of the petition is that partition of the real estate may be made in the Common Pleas Court in accordance with the respective rights of the parties and the premises sold and the proceeds distributed.

The Building & Loan Association sets up its mortgage praying that it may be declared to be a valid lien, etc.

Rosetta Million for answer admits the relationship of the parties and the ownership of the property as alleged in the petition; alleges that after the death of John Million, Elizabeth Smithers was appointed administratrix of the estate in the Probate Court of Montgomery County and that the estate is being administered according to the laws of Ohio and that all the issues of this case will be adjudicated by the Probate Court.   The other allegations are denied.

A reply is filed by Rachal Allen, the

plaintiff, admitting certain allegations but alleging that Elizabeth Smithers, administratrix, has not complied with §10509-85 GC and related sections.

It is stated that John Million died more than one year previous to the filing of the suit for partition. The administratrix of John Million alleges that the debts exceed the total appraised value of the real estate; that she has filed a petition in the Probate Court asking that she be authorized to sell the real estate described therein for the purpose of paying debts and that that Court has exclusive jurisdiction in the sale of said real estate.

Upon hearing the Court below found that, under the facts set forth in the pleadings, the Probate Court of Montgomery County, Ohio, has exclusive jurisdiction in the matter of the judicial sale of the real estate described in the petition; that the common pleas court lacks jurisdiction to grant the relief prayed for in the petition; and the petition was dismissed.

The issue presented to this Court is whether or not, under the facts disclosed by the pleadings, the court was right in dismissing the plaintiff's petition on the ground that it lacked jurisdiction to grant the relief prayed for.

Certain dates should be kept in mind. The intestate died on the 7th day of July, 1937; the petition in partition was filed on October 21, 1938; it is not disclosed when the administratrix was appointed, but it is asserted that she did not file her answer until more than nine months after her appointment. Her answer in the partition case was filed on February 17, 1939. In this she sets up her appointment and the fact that the debts amount to more than the total appraised value of the estate and that she has filed a petition in Probate Court for the sale of the real estate to pay debts. These dates are given because counsel for the appellee seeks to distinguish certain cases from the case at bar by reason of the lapse of time.

### THE LAW.

The statutes relating to the sale of real estate in partition are §12026 GC et seq.

Sec. 12026 GC provides who may be compelled to partition.

Sec. 12028 GC provides who may file a petition and what must be set forth. It further provides that when the title to the real estate came by descent upon the death of an inhabitant of this state, a partition thereof shall not be ordered by the court within one year from the date of the death of such person, unless the petition sets forth and it be proved that all debts and claims against the decedent have been paid, or secured to be paid, or that the personal property of the deceased is sufficient to pay them.

The petition in this case was not filed within one year and did not set up any of the provisions permitting partition to be made within the one year, as above enumerated.

Sections 10510-51 and 10510-52 GC provide the method by which the proceeds of a partition may be reached by the administrator. The first is to the effect that if, after the institution of the proceedings for partition it is found that the assets in the hands of the administrator are probably insufficient to pay the debts, etc., the administrator shall make a written statement to the Probate Court, who shall thereupon ascertain the amount necessary to pay the debts and give a certificate thereof to the administrator. Sec. 10510-52 provides that the administrator shall thereupon present such certificate to the court in which the partition proceedings are or have been pending and, upon the motion of the administrator, the Court shall order the amount named in the certificate to be paid over to the administrator out of the proceeds of the sale of the premises if thereafter they are sold or have already been sold. And further,

"Nothing herein contained shall prohibit an executor or administrator from proceeding to sell real estate belonging to the estate, for the payment of debts or legacies, although it has been sold on partition or otherwise, or

the proceeds of such sale fully distributed."

The quoted provision is drastic and is for the purpose of protecting the creditors of the decedent.

The court below based his judgment dismissing the petition on the decision of the Supreme Court in the case of **Stout et v Stout et, 82 Oh St 358,** and upon the case of **Retterer v Retterer,** Court of Appeals, Marion County, 4 OO 333.

The Supreme Court decision was rendered June 28, 1910 and that of the Court of Appeals on November 6, 1935, between which dates the statutes were codified. The Court of Appeals, however, points out that the statutes in effect in 1910 were substantially the same as those in effect in 1935 and at the present time.

The Supreme Court in Stout v Stout holds, in substance, (i) The right of an administrator to subject the lands to the payment of the debt is superior to the right of the heirs to have partition of such lands. (2) As soon as the administrator has ascertained that the personal estate will be insufficient, it is his duty to apply to the Probate or Common Pleas Court for authority to sell lands for the payment of debts and in such case the heirs at law can prevent the sale and have partition only by giving bond for the payment of the debts as provided by the old §6146.

In Retterer v Retterer, the Court holds in substance (1) The provision of §12028 GC which we have above quoted does not imply that a partition sale may be ordered at the expiration of one year notwithstanding it is made to appear that the debts of the estate exceed the amount of the personal property; (2) That the provisions of the two sections above quoted do not supplant the provisions of §10510-2 requiring an administrator to commence an action for authority to see real estate as soon as he ascertains that the personal property is insufficient, for land of a decedent being subject to the payment of his debts, "the right to subject it to sale for that purpose is a superior right and an action for that purpose supplants a partition action in the Common Pleas Court"; (3) Where an action is brought to partition lands after the expiration of one year, the administrator may either bring action to sell such real estate or secure and file a certificate in the partition proceedings, "and in case he elects to file action for the sale of real estate to pay debts, such action supplants the action in partition". This case was decided by a majority of the Court, Judge Klinger dissenting.

These two cases present the matter here in controversy with such clearness and detail that we can do nothing better than to refer to them and commend them to a careful reading. This is particularly true of the case of Retterer v Retterer. If we wrote our opinion at length, it would not differ in any essential particulars from that above referred to. We think that this case completely answers the objection made by counsel for appellant as to the lapse of more than one year from the death to the beginning of proceeding for partition or of more than nine months for the beginning of the action by the administratrix in the Probate Court. These several provisions as to time do not relate to the right of the administratrix finally to bring the action in Probate Court to sell the real estate to pay debts. This fact is accentuated by the provisions of §10510-52 to the effect that nothing shall prohibit an administrator from proceeding to sell for the payment of debts, although the land has been sold on partition or otherwise or the proceeds of such sale fully distributed.

Under these provisions, as interpreted by the two cases above alluded to, we can not perceive that there would be any benefit to the plaintiff if she would be permitted to go forward with her partition suit.

Counsel for appellant rely upon the case of **Savings Association v Sanford, 59 Oh Ap 294,** wherein as to that par-

ticular action, the Court holds that under the pleaded facts, the Court of Common Pleas, having first acquired jurisdiction of the subject matter, has continuing and exclusive jurisdiction to adjudicate the issues involved therein. That was not a proceeding under the special statutes relating to partition, but related to an action brought by a mortgagee to foreclose its mortgage, the Court simply holding that in such event the Common Pleas Court having first acquired jurisdiction retains the same to the exclusion of the action of the administrator in the Probate Court to sell the same land for the purpose of paying debts. It is true that in the case at bar, the mortgagee has intervened by an answer and cross-petition asking that its mortgage be foreclosed, but, nevertheless, the original action was based upon the statutes controlling partition.

This case was disposed of exclusively upon the pleadings. There was no request made to file an amended petition showing that the debts were all paid or that there was sufficient personal property to pay the debts or that a bond had been filed as provided by statute. Had a request been made of the Court of Common Pleas to be permitted to so amend the petition the Court no doubt would have permitted such amendment.

We are therefore of the opinion that there is no error exhibited in the judgment of the court below in dismissing the partition suit.

Judgment affirmed.

HORNBECK, PJ. & BARNES, J., concur.