THE STATE OF OHIO, APPELLEE, *v.* SPINO, APPELLANT.

(No. 323—Decided January 24, 1951.)

*Mr. Webb S. Tomb,* for appellee.
*Messrs. Miller & Miller,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment rendered on a verdict of a jury finding the defendant guilty of keeping a certain room to be used for gambling, as charged in an indictment.

The defendant, appellant, assigns errors in the following particulars:

1. The court erred in its charge to the jury.

2. The court erred in the admission of incompetent, irrelevant, and prejudicial evidence over the objection of the defendant.

3. The verdict and judgment predicated thereon are against the manifest weight of the evidence and are contrary to law.

These assignments will be considered in the order mentioned.

■ Under this assignment the defendant contends:

A. The court erred in reading to the jury the penal clause of the statute relating to the offense charged.

B. The court erred in answering a question submitted to it by the jury during the deliberations of the jury.

As to contention A under this assignment it appears that the court did read to the jury the whole of the statute defining the offense with which the defendant was charged.

However, it appears that the court further charged the jury:

"It is my duty to say to you that you have nothing whatever to do with the consequences to the defendant in case of a verdict of guilty. That is left to the law and the court. You and you alone are to pass upon the facts in the case and are the sole judges of the facts."

This portion of the charge conforms to the requirements of Section 13442-9, General Code, and cured the error, if any, of the court in reading the penalty clause to the jury, and such error, if any, was not prejudicial to the defendant.

As to the second claimed error under this assignment, it appears that after the jury had started its deliberations it submitted the following question to the court:

"Should the fact that there supposedly was an agreement between Sam Spino and the city officials have any bearing on our decision?"

Whereupon the court called the jury into the courtroom and answered the aforesaid question in the following language:

"Ladies and gentlemen, some testimony has been offered concerning a conversation which took place at the city hall on the subject of gambling. It is the duty of the court to say to you that whatever may have been said at the time by anyone present does not, in itself, constitute a defense to the defendant in this case and must not be considered by you as a defense to the indictment. Does that answer the question? Anything further you want to ask now?"

After some discussion with counsel, the court added the following statement to its answer: "I might add to that, you may give this evidence whatever weight you see fit in determining whether or not the defendant kept a place for gambling during the month of March, 1950."

Virgil Bennehoff, a former mayor of the city of Tiffin called as a witness by the defendant, was asked whether he had issued any instructions to the defendant with reference to gambling. The witness denied giving any such instructions.

Paul Flynn, an attorney at Tiffin also called as a witness by the defendant, testified, in substance, that he was present during conversations with the mayor at which defendant was also present, and that these conversations did have reference to a course of conduct for the place of business of the defendant, but there was no evidence offered tending to show any agreement between defendant and the city officials with refence to the manner in which defendant should conduct his business.

Since the testimony offered did not in any way reflect upon the guilt or innocence of the defendant, the first answer of the court to the question of the jury was proper to clarify the minds of the jurors, and properly stated the law upon the question submitted.

The further answer of the court was erroneous, but was to the advantage of the defendant and not in any way prejudicial to him.

■ This assignment of error relates to the admissibility of certain testimony of H. J. Fraley, chief of police of the city of Tiffin.

The defendant limited his objection to only one question, *i. e.*, "Now, will you tell the jury what if anything, you actually saw transpiring or occurring at the counter in the Pastime during the month of March, 1950?"

This question was properly submitted and answered.

Further questions, not objected to by the defendant, broadened the scope of the inquiry, and elicited testimony that tips or similar items pulled from a cardboard holder could be called baseball pools or could be called tips. As this testimony was not objected to, it was properly admitted.

Furthermore, the offense charged in the indictment was keeping a certain room to be used for gambling, under which charge testimony of any and all types of gambling occurring in such room was properly admissible.

The latter clause of the indictment reading, "and in said room so kept by the said Samuel Spino, then and there unlawfully did cause and permit divers persons to gamble in said room by playing cards for money," was surplusage, there being sufficient matter alleged in the indictment to indicate the crime and person charged.

Under the provisions of Section 13437-7, General Code, an indictment or information shall not be in-

valid, and the trial, judgment, or other proceedings stayed, arrested or affected for surplusage or repugnant allegations when there is sufficient matter alleged to indicate the crime and person charged.

The defendant made no objection to the admission of other testimony showing that the room was used for gambling in the sale of tips and baseball pools, so that if the indictment had been limited by the last clause thereof to the use of the room for gambling by way of playing cards for money, the admission of such evidence could not be considered as prejudicial to the defendant, because it was not objected to by him.

■ There is evidence tending to prove beyond a reasonable doubt that the defendant kept the room described in the indictment to be used for gambling by causing and permitting divers persons to gamble therein by playing cards for money, and also by the selling of tips and baseball pools to such persons, so that the charge in the indictment is fully sustained by proof of the degree required in criminal cases.

As we find no error in any of the particulars assigned and argued in defendant's brief, the judgment of the Common Pleas Court is affirmed at costs of appellant, and the cause remanded for execution.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.