BURRIER, APPELLANT, *v.* KIEFER ET AL., APPELLEES.

(No. 1475—Decided April 23, 1951.)

*Messrs. Myers & Spurlock,* for appellant.
*Messrs. Kennedy, Kennedy & Purdy,* for appellees.

MIDDLETON, P. J. This case is before the court on an appeal on questions of law and fact from a judgment of the Court of Common Pleas.

The plaintiff filed her petition in partition and recites that she has an undivided one-twelfth interest, as tenant in common, in certain real estate in the city of Bucyrus, Ohio; that she, together with all the defendants named, except Paul C. Kennedy as administrator of the estate of Lucia Kemp Feighner, deceased, the unknown heirs at law of Lucia Kemp Feighner, and the Peoples Savings & Loan Company of Bucyrus, Ohio, are tenants in common with the right of possession of the whole one-half part of the real estate therein described; that such real estate descended to them by virtue of the death of Lucia Kemp Feighner, who died childless within one year of the date of the petition; that Lucia Kemp Feighner was the surviving spouse of Lewis C. Feighner who died testate February 14, 1942; that his widow, Lucia Kemp Feighner, elected to take under the law and also elected to take the real estate described, under her elective rights as the surviving spouse; that the real estate in dispute was the family homestead and was occupied as such by Lucia Kemp Feighner and Lewis C. Feighner until their respective deaths; that at the death of Lucia Kemp Feighner said real estate descended, one-half to the heirs of Lucia Kemp Feighner and one-half to the plaintiff and her co-tenants, by virtue of Section 10503-5, General Code.

The petition states further that Lucia Kemp Feighner, through her guardian, had executed a mortgage to the defendant Peoples Savings & Loan Company encumbering the real estate in question, which mortgage

is in full force and effect; that the heirs at law of Lucia Kemp Feighner are unknown; and that an action to determine heirship will be required.

The prayer is for partition and the appointment of a receiver to collect rents, pay taxes and maintain insurance on the buildings located on the property.

The defendant Paul C. Kennedy, administrator of the estate of Lucia Kemp Feighner, filed an answer in which he admits he is such administrator by appointment of the Probate Court and denies all other allegations of the petition. He then states that claims against the estate of Lucia Kemp Feighner have been presented in the sum of $2,327.50; that the personal property of the estate was appraised at $239; that the personal property is wholly insufficient to pay the claims against the estate; and that it will be necessary to sell the property described in the petition to pay the debts of the decedent.

Subsequent to the filing of his answer the administrator filed an amendment thereto, in which he states that since the filing of his answer he has instituted in the Probate Court of Crawford County an action to determine heirship and for the sale of the real estate described in the petition to pay the debts of the decedent, and that thereby the Probate Court of Crawford County acquired jurisdiction over such real estate and all the questions involved, and asks that the petition be dismissed for the reason that the court has no jurisdiction over the real estate described in the petition.

The cause was submitted upon a stipulation of facts, the original pleadings and files in the Common Pleas Court and the Court of Appeals, the entire file and papers in the Probate Court in the administration of the estate of Lewis C. Feighner, deceased, and in the estate of Lucia Kemp Feighner, the deed from John

T. Albright which conveyed the real estate in question to Lewis C. Feighner, and the administrator's deed from the administrator of the estate of Lewis C. Feighner to Lucia Kemp Feighner, conveying the real estate to her.

It is set forth in the stipulation that the real estate in question was the family homestead of Lewis C. Feighner and Lucia Kemp Feighner during their respective lives; that claims have been presented to the administrator of the estate of Lucia Kemp Feighner in the approximate amount of $2,327.50; that the personal property is insufficient to pay such claims, and such claims are unpaid; that on May 9, 1949, the administrator of Lucia Kemp Feighner filed his petition in the Probate Court of Crawford County for the determination of heirship of the decedent and also for an order to sell the real estate, involved in this action, to pay the debts of Lucia Kemp Feighner; that Lewis C. Feighner died testate and childless on February 14, 1942, and left Lucia Kemp Feighner his surviving spouse; and that Lucia Kemp Feighner died intestate on or about June 24, 1948, leaving no children, so far as is known, and leaving no parents.

Section 12028, General Code, provides who may file a petition for partition and what must be set forth. It is provided that when the title to the real estate came to such person by descent or devise upon the death of an inhabitant of this state, a partition thereof shall not be ordered within one year from the date of the death of such person, unless the petition sets forth and it be proved that all debts and claims against the estate of such decedent have been paid or secured to be paid, or that the personal property of the deceased is sufficient to pay them.

In the instant case, it is stipulated that the petition in partition was filed within one year of the death of

Lucia Kemp Feighner; that the debts and claims against the estate have not been paid or secured to be paid; and that the personal property of the deceased is insufficient to pay them.

Section 10510-51, General Code, in part, provides:

"If after the institution of proceedings for the partition of the real estate of a deceased person, it is found that the assets in the hands of his executor or administrator are probably insufficient to pay the debts of the estate * * * the executor or administrator shall make a written statement to the Probate Court of such assets, indebtedness, expenses * * * and the court forthwith shall ascertain the amount necessary to pay such debts, expenses * * * and give a certificate thereof to the executor or administrator."

Section 10510-52, General Code, provides:

"The executor or administrator thereupon shall present such certificate to the court in which the proceedings for partition are, or have been pending, and on his motion the court shall order the amount named in the certificate to be paid over to the executor or administrator out of the proceeds of the sale of the premises, if thereafter they are sold, or have already been sold. Nothing herein contained shall prohibit an executor or administrator from proceeding to sell real estate belonging to the estate, for the payment of debts or legacies, although it has been sold on partition or otherwise, or the proceeds of such sale fully distributed."

Section 10510-2, General Code, provides:

"As soon as an executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months, and the costs of administering the estate, he shall commence a civil action in the Probate

Court or the Court of Common Pleas for authority to sell the decedent's real estate."

By these provisions of the Code the right is given to the administrator to subject the real estate of the decedent to the payment of debts of the estate as soon as it is determined that the personal property in his hands is insufficient to pay all the debts and claims of the estate.

It is stated by the Supreme Court, in the case of *Stout* v. *Stout,* 82 Ohio St., 358, 92 N. E., 465, 137 Am. St. Rep., 785:

"The right of an administrator to subject the lands of his intestate to the payment of the debts of the estate is superior to the right of the heirs at law to have partition of such lands.

"So soon as the administrator has ascertained that the personal property in his hands will be insufficient to pay all the debts, etc., of the estate, it is his duty to forthwith apply to the Probate or Common Pleas Court for authority to sell the lands for the payment of such debts, and in such case the heirs at law can prevent a sale and have partition of the lands only by giving bond for the payment of debts, etc., as provided by Section 6146 Revised Statutes."

Judge Spear, in the opinion, stated:

"The question at issue is in a narrow compass. It is whether or not, upon the decease of a resident of Ohio who dies intestate being seized of real estate situate in this state, and owing debts, the heirs at law may have partition of the real estate as against the claim of the administrator to subject the land to the payment of debts of the estate, without giving bond to pay debts, etc., as required by Section 6146, Revised Statutes. Both courts below answered this question in the negative. We think they answered it correctly."

The record clearly shows that the title to the real estate at issue came to the deceased, Lucia Kemp Feighner, by deed of purchase through the exercise by her of her right to take the mansion house at the appraised value, pursuant to the provisions of Section 10509-89, General Code.

Nevertheless, whether the real estate in dispute is identical property subject to the so-called fifty-fifty rule or separate property, all this property was owned by the deceased at the time of her death and all such property was subject to the payment of the indebtedness of her estate. *Riley, Admr.,* v. *Keel,* 84 Ohio App., 313, 319, 85 N. E. (2d), 123.

The administrator in the instant case, when he ascertained that the personal property of the deceased was probably insufficient to pay the debts of the estate, had the right either to bring an action to sell such real estate to pay debts, as provided for in Section 10510-2, General Code, or to secure and file a certificate in the partition proceedings, as provided in Sections 10510-51 and 10510-52, General Code.

It is the absolute right of an executor or administrator to elect which provision of the law he shall follow. This court so held in the case of *Retterer* v. *Retterer,* 20 Ohio Law Abs., 393, 32 N. E. (2d), 513. The same statement of the law is found in *Allen* v. *Million,* 35 Ohio Law Abs., 13, 39 N. E. (2d), 880.

In the case at bar the administrator elected to institute an action to sell the real estate to pay debts, pursuant to the provisions of Section 10510-2, General Code. By reason of the administrator having filed in the Probate Court his petition to pay debts, the Common Pleas Court lost jurisdiction to proceed further in the partition action.

It is therefore the finding and judgment of this court that the Common Pleas Court does not have

578

jurisdiction to grant partition of the real estate set forth in the petition. The petition of the plaintiff is dismissed.

*Petition dismissed.*

JACKSON and GUERNSEY, JJ., concur.