RUSH, A MINOR, APPELLEE, *v.* GREVEY, D. B. A. GIL J. GREVEY AUTO SALES & SERVICE, APPELLANT.

(No. 985—Decided May 11, 1951.)

*Mr. Harry S. Wonnell* and *Mr. Andrew W. Cherney*, for appellee.

*Messrs. Andrews & Weiss*, for appellant.

HILDEBRANT, P. J.  Plaintiff herein disaffirmed his contract of purchase of a used automobile from defendant on the ground of the former's minority and recovered a judgment for the return of the consideration less the cost of certain accessories furnished by defendant and less certain proved damage and an allowance for depreciation covering the period from date of purchase to time of filing suit.  That is the judgment appealed from on questions of law.

The car was purchased September 22, 1948, with the certificate of title furnished the following day, and the suit based on disaffirmance due to minority was instituted December 29, 1948.

The record discloses that the automobile was returned to the possession of the defendant a few days after the purchase, where it remained in dead storage until the time of trial on May 3, 1950, at which time a certificate of title was tendered and delivered to the defendant enabling him to exercise ownership over the car.

Upon substantial evidence, the trial court made the following findings of fact:

"1. That at the time of the purchase of a 1940 model Chevrolet sedan by the plaintiff, Raymond Rush, from the defendant, Gilbert J. Grevey, in September, 1948, plaintiff was a minor of the age of 20 years.

"2. That the plaintiff at the time he purchased said automobile in September 1948 represented to the defendant that he was over the age of 21 years; that this representation, coupled with the appearance of the plaintiff, his size, demeanor, etc. induced the defendant to believe that plaintiff was not an infant.

"3. That the plaintiff when he returned the car to the defendant's place of business a few days after the purchase of the same, did not make known to the defendant that he was disaffirming the contract of purchase because of his minority.

"4. That the plaintiff did not at any time before the actual hearing of this cause, which was on May 3, 1950, tender back to the defendant a duly executed certificate of title for the automobile.

"5. That some time in October 1948 one of plaintiff's counsel made a demand upon the defendant for the return of the consideration paid to him by plaintiff, because of his minority.

"6. No fraud or imposition was worked upon the plaintiff infant by the defendant in reference to the sale of this motor vehicle and that the contract of purchase was fair.

"7. At the time of the return of the car to the defendant it was damaged to the extent of $60, said damage taking place while the car was in possession of plaintiff.

"8. The automobile declined in value on the market approximately $100 between October 1948 and January 1, 1949."

In applying the law of Ohio as announced in *Mestetzko* v. *Elf Motor Co.*, 119 Ohio St., 575, 165 N. E., 93, the trial court limited the allowance for depreciation or decline in market value of the car to the time between the date of purchase, September 22, 1948, and January 1, 1949, approximately the date of filing the

petition on December 29, 1949, which the court viewed as conclusive notice of intention to disaffirm. A certificate of title was actually delivered to defendant on May 3, 1950, the date of trial, and counsel now agree that the sole question for decision here is as to the amount allowable to the defendant as a deduction for depreciation.

Although plaintiff pleads that he has at all times been ready, willing, and able to transfer title to defendant upon a return of the purchase price, it is clear, and the court so found as a fact, that no certificate of title was tendered prior to the date of trial on May 3, 1950. Mere restoration of possession of the car and placing it in dead storage by defendant were not effective to restore the incidents of ownership parted with by the defendant at the time of sale, and of which he was deprived until May 3, 1950.

The courts recognize the legal right of the minor to disaffirm under the circumstances here, with or without restoration. But the legal right to disaffirm on the ground of minority, where no fraud or imposition has been worked upon the plaintiff, but, on the contrary, where the minor by his misrepresentation as to his true age induced defendant to deal with him, must proceed upon equitable principles, and the minor, treated as an adult, must be required to do equity in seeking equity.

Consonant with that view, the burden was on the plaintiff to tender the certificate of title without which mere restoration of possession of the automobile was ineffective to constitute a complete restoration of ownership to the defendant such as would be recognizable in the courts in accordance with the holding in *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342.

There is ample evidence in the record from which the court can find and allow the depreciation or the

amount of decline in market value of the car between September 22, 1948, the date of sale, and May 3, 1950, the date of effective restoration of title to the defendant.

The judgment is, therefore, reversed and the cause remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

Hildebrant, P. J., Matthews and Ross, JJ., concur in the syllabus, opinion, and judgment.