35345. GARVER *v.* SMITH.

Decided October 6, 1954—Rehearing denied October 25, 1954.

*Haas, White, Douglas & Arnold, George A. Haas,* for plaintiff in error.

*Willingham, Cheney, Hicks & Edwards, Claud Hicks,* contra.

CARLISLE, J. ■ All suits or causes of action brought under the Non-Resident Motorist Act of 1937 (Code, Ann. Supp., § 68-801 et seq.) shall be brought in the county in which the accident, injury, or cause of action originated, or in the county of the residence of the plaintiff therein, as the plaintiff in such suit may elect, if the plaintiff in such suit is a resident of the State of Georgia; and if the plaintiff in such suit .is a nonresident of the State of Georgia, then in that event such suit shall be brought in the county in this State in which the accident or injury occurred or the cause of action originated. Code (Ann. Supp.) § 68-803. It is apparent from the provisions of this section of the Code that jurisdiction of actions involving nonresident motorists is conferred upon the courts of either of two counties if the plaintiff be a resident of the State, the county of the plaintiff's residence or the county in which the cause of action originated. If the plaintiff be a nonresident also, jurisdiction is conferred upon only the courts of the county in which the cause of action originated. Counsel for the defendant in their briefs filed in this court contend, however, that, since the plaintiff has not alleged his own residency and has not alleged that the defendant was a nonresident at the time of the collision between the automobiles, it is apparent on the face of the petition that the Superior Court of Cobb County is without jurisdiction of the subject matter of the suit and the person of the defendant, and that this want of jurisdiction may be taken advantage of by general demurrer. This position is untenable. The collision between the plaintiff's and the defendant's automobiles is sufficiently alleged to have occurred in Cobb County, and consequently the courts of that county specified by the statute have jurisdiction of the subject matter of the suit whether or not the plaintiff was a resident or nonresident of the State, either by virtue of the plaintiff's election to sue in the county where the cause of action originated, if a resident of Georgia, or

by direction of the statute, if a nonresident. While it is true that the plaintiff does not allege that the defendant was a nonresident at the time of the collision, it is alleged that she was a nonresident at the time of the filing of the suit, and it does not affirmatively appear from the allegations of the petition that her status was otherwise at the time of the collision. The want of jurisdiction does not appear upon the face of the petition, and it is not therefore subject to general demurrer for that reason. Jurisdictional defects not apparent upon the face of the petition must be taken advantage of by plea. *Thurman* v. *Willingham,* 18 *Ga. App.* 395 (3) (89 S. E. 442), and citations. Since the court had jurisdiction of the subject matter of the suit and the defendant, without objection to the jurisdiction, appeared through her attorneys and pleaded to the merits of the case by demurring generally thereto, she can not now be heard to complain if in fact the court for any reason did not have jurisdiction of her person. Her action in pleading to the merits will be treated as a waiver of jurisdictional defects insofar as they relate to the court's jurisdiction of her person. *Harper* v. *Allen,* 41 *Ga. App.* 736 (154 S. E. 651), and citations.

The petition states a cause of action under at least two theories and is not subject to general demurrer. "Where one supplies another with an automobile to be used by the latter, who is not qualified to drive it, which is known to the owner, and injury results to a third person by reason of the incompetence of the driver, a jury is authorized to find this to be such negligence as would authorize recovery against the owner." *Burks* v. *Green,* 85 *Ga. App.* 327 (69 S. E. 2d 686). The present petition sufficiently charges that the defendant was negligent in turning her automobile over to Potts whom she knew to be a reckless and incompetent driver, and that the plaintiff's injury and damage were the proximate result of such negligence.

The petition also states a cause of action under the doctrine of *respondeat superior.* One of the ways of pleading that the agency existed so as to make the alleged principal responsible for the wrongful acts of the agent is to allege by a simple direct statement that the defendant principal by its agent committed the wrongful act, and this as against a general or special demurrer would be sufficient. *Conney* v. *Atlantic Greyhound*

*Corp.*, 81 *Ga. App.* 324, 328 (3) (58 S. E. 2d 559), and citations. The plaintiff sufficiently alleged that the defendant committed the wrongful act through her agent to bring the case within the rule stated in the *Conney* case.

3. None of the various special demurrers is meritorious, and other than to say that the allegations that Potts was the agent of the defendant and that she knew him to be a reckless and incompetent driver, are allegations of ultimate fact and not conclusions of the pleader (see *Lewis* v. *Amorous,* 3 *Ga. App.* 50, 59 S. E. 338), the special demurrers require no further comment.

The trial court did not for any reason assigned err in over-ruling the general and special demurrers.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

---

## CORRECTIONS.

Page 217, line 11 from top: instead of "Code § 114-103" read "Code § 114-102."

Page 460, line 22 from top: instead of "demurrer" read "motion."

Page 562, line 19 from top: instead of "ordinary care" read "extraordinary care."

---

APPLICATIONS TO THE SUPREME COURT FOR CERTIORARI.

DENIED.

Allstate Ins. Co. *v.* Phoenix, 90 *App.* 619.
Altree *v.* Head, 90 *App.* 601.
Bowen *v.* State, 90 *App.* 538.
Carter *v.* Turbeville, 90 *App.* 367.
Central of Georgia Ry. Co. *v.* Gibson, 90 *Ga. App.* 512.
Continental Casualty Co. *v.* Owen, 90 *App.* 200.
Cowart *v.* Budreau, 90 *App.* 316.
Crow *v.* State of Georgia, 90 *App.* 340.
Ferrell v. Bell, 90 *App.* 573.
Fidelity & Casualty Co. *v.* Swain, 90 *App.* 615.
Franklin Life Ins. Co. *v.* Stiles, 90 *App.* 311.
Garver *v.* Smith, 90 *App.* 892.
Hanover Fire Ins. Co. *v.* Scroggs, 90 *App.* 539.

898

Hatchcock v. Georgia, Northern Ry. Co., 90 *App.* 533.
Hodges v. City Council of Augusta, 90 *App.* 306.
Holloway v. State, 90 *App.* 86.
Luckie v. Max Wright, Inc., 90 *App.* 243.
Mackey v. State, 90 *App.* 592.
McNeel, Inc. v. Redwine, 90 *App.* 345.
Redwine v. Refrigerated Transport Co., 90 *App.* 784.
Robertson v. Robertson, 90 *App.* 576.
Rountree v. Davis, 90 *App.* 223.
Spradlin v. State, 90 *App.* 97.
State of Georgia v. Fuller, 90 *App.* 349.
Travelers Ins. Co. v. Hammond, 90 *App.* 595.
Utica Mutual Ins. Co. v. Pioda, 90 *App.* 593.
Washburn v. Foster, 90 *App.* 211.
Wright Contracting Co. v. Davis, 90 *App.* 585.

SUPREME COURT DECISIONS WHERE THE WRIT WAS GRANTED.

Krasner v. Harper, 90 *App.* 128.  Affirmed 211 *Ga.* 142.
North British & Mercantile Ins. Co. v. Mercer, 90 *App.* 143.  Affirmed 211 *Ga.* 161.