**FOX, Admr., Plaintiff-Appellee, v. HOLCOMB et, Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

No. 730.   Decided March 31, 1955.

Howard G. Eley, Greenville, for plaintiff-appellee.
Paul W. Younker, Greenville, for defendants-appellants.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from an order of the Probate Court authorizing and directing the plaintiff-administrator to sell real estate of his decedent to pay debts of the estate. Two errors are assigned. One, refusing to dismiss the petition; two, the judgment is against the law.

The petition was in the usual form, and after the formal averments

set out that there were debts of the estate in excess of the value of the personal property, part of which was $850 set off for a year's allowance to the widow. The total debts were alleged to be $1,770.96 The defendants answered, admitting the formal averments and generally denying the other allegations of the petition, which is tantamount to a denial that there were any unpaid debts against the estate. The answer further avers that an action is pending in the Common Pleas Court, Darke County, seeking partition of the real estate upon which all defendants but plaintiff herein (who was served with summons), had voluntarily entered their appearance and that the action was filed on March 1, 1954, several days prior to the filing of the petition to sell real estate to pay debts. Plaintiff replying sets out in more detail the amount of personal property and debts appearing and the amount of exempt property selected by the widow of decedent. Further replying, plaintiff refers to six accounts filed by him as administrator and asserts that they disclose that there is an existing valid debt of the estate to Alice Fox, deceased, of $588.10, representing the balance due her, and admits the pendency of a partition suit in Common Pleas Court.

The court in making the order found the allegations of the petition to be true. There is nothing in the record to refute the averments of the petition that there are debts of the estate far in excess of any personal property.

A bill of exceptions is filed in the case, consisting of professional statements of counsel which are not in the form of stipulations, and various accounts filed by the administrator.

The contention of appellant is two-fold: (1) That the Common Pleas Court, by reason of the partition suit, had acquired jurisdiction of the subject matter which was prior to and exclusive of any jurisdiction of the Probate Court in the instant case, and (2) That the cause of action of plaintiff was barred by the six-year statute of limitations, §2305.07 R. C. This latter defense was asserted by an amendment to the answer.

Upon the first error assigned the authorities are specific and uniform against the contention of appellant. **Stout et v. Stout et, 82 Oh St 358,** first syllabus:

"The right of an administrator to subject the lands of his intestate to the payment of the debts of the estate is superior to the right of the heirs at law to have partition of such lands."

**Retterer v. Retterer et, 20 Abs 393; Allen v. Million, 35 Abs 13,** this Court; **Burrier v. Kiefer et, 90 Oh Ap 571.**

Upon the second assignment, that the right of action in the administrator is barred by the statute of limitations, appellant cites: Lang v. Strome, Admr., et, 12 O. C. C. N. S. 161, which case comments favorably on Kemper v. Appolo B. & L. Co., 5 O N. P. N. S. 403.

These cases support the contention of appellant that the liability of the administrator to pay the debts of his decedent is created by statute, and requires the application of the six-year statute of limitations which begins to run against an action to sell real estate when the administrator learns that the personal property of decedent is insufficient to pay his debts, §2127.02 R. C. If we follow these holdings the order appealed from must be reversed. Our Supreme Court, in **Taylor et, v.**

Thorne, Admr., 29 Oh St 569, and Lafferty v. Shinn, 38 Oh St 46, hold as announced in the first syllabus of the former case, that:

"As between the estate of a deceased debtor and the creditors thereof, the statute of limitations does not run against their claim, after they have been presented to, and allowed by, the executor or administrator."

The court here found that there were debts due creditors of decedent other than his widow, and that allowances made to her, yet unpaid, exceeded the personal estate of decedent. The allowances made to the widow particularly for her support are in the same category and status as approved claims against the estate. Sec. 2127.02 R. C.

It is interesting to note that in Taylor v. Thorne, supra, the administrator did not institute his action to sell the real estate of his decedent until 20 years after his appointment. The widow and the heirs set this up as a defense against his action and also that all the debts and claims, to pay which the plaintiff sought an order to sell the property, had long since been barred by the statute of limitations. The court held against this defense, and in the opinion Judge Boynton said that the statute had no application to the case; that the right to maintain an action on claims against an estate presented to and allowed by the administrator is prohibited, and that, therefore, there is nothing in such cases for the statute to operate upon.

The court in Kemper v. Apollo B. & L. Co., supra, distinguishes it from Taylor v. Thorne by saying that in the latter case the action to sell real estate could not have been brought sooner because the widow of decedent had a homestead in the realty sought to be sold. But this was not the basis of the Supreme Court's holding, as clearly disclosed in the opinion and carried into the first syllabus, heretofore quoted.

Another reason is asserted by appellee to prevent the application of the statute of limitations, viz: that there have been payments upon the debts owing the widow at times within six years prior to the action to sell the real estate to pay debts.

This claim need not be established if we are right in holding that the statute of limitations did not run against the allowed claim against the estate. If we are in error, the appellee fails because the statute will have run against the administrator. However, the status of the claims of the widow, whom the administrator must protect as a creditor, argues strongly against the theory that the statute of limitations should operate at all.

It is contended that the court erred in awarding compensation to the administrator for services performed with respect to property other than the personal estate, §2113.35 R. C.

There are two reasons why we cannot support this contention: One, the record does not show exceptions to the approval of the accounts of the administrator wherein compensation was claimed. Two, we cannot determine from the accounts that the compensation was not awarded within the authorization of the statute.

No assignment of error is established. The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.